State *v.* McCracken.

---

THE STATE, Appellant, *vs.* McCRACKEN, Respondent.

1. "The county aforesaid" in an indictment not a sufficient venue, where two counties have been previously named.

*Appeal from Polk Circuit Court.*

Indictment of a road overseer for neglect of duty. The indictment was quashed below and the State appealed. Enough of the indictment is contained in the opinion of the court to show the point decided.

*Gardenhire*, (attorney general,) for the state, cited 1 Chitty's Crim. Law, 170. R. C. 1845, p. 869, sec. 17.

*F. P. Wright*, for respondent, cited 2 Mo. Rep. 228. 3 Mo, Rep. 45. 1 Chitty's Crim. Law, 179.

RYLAND, Judge, delivered the opinion of the court.

The court did not err in quashing this indictment. The venue is no where laid with certainty, as to the county and road district over which the defendant was overseer. The indictment charges " that there is a public road and highway leading from Hickory county line, on the state road leading from Warsaw to Bolivar, and terminating at Dry Pome de Terre, in the county of Polk aforesaid; and that Ephraim McCracken, of said county, on the day and year aforesaid, was, and ever since hath been, and yet is overseer of said road district number one, in the county aforesaid, duly appointed," &c.; and whenever afterwards the venue is any where laid in said indictment, it is said to be at the county aforesaid.

1. Although this court discourages trivial technical objections and exceptions to indictments for misdemeanors, and has generally discountenanced such; yet when no time is laid to any act material to constitute the offence, and no venue properly and certainly laid, and such exceptions are taken in the court below, and by that court sustained, it will be useless to come here to have the judgment of such lower court reconsidered.

The case of *The State* v. *Hardwick*, (2 Mo. Rep. 228,) is direct authority in support of the judgment of the Circuit Court in this case.

Here, the county of Hickory is named, and also the county of Polk—two counties mentioned in the body of the indictment, and the offence is stated to have been committed " at the county aforesaid," without showing certainly which county; this, according to the case of *The State* v. *Hardwick*, is not sufficient. The same rule in regard to indictments is again laid down by this court, in the case of *Jane* v. *The State*, (3 Mo. Rep. 63.) When two different times and two different places are mentioned in an indictment, and a material fact is afterwards averred, it will not be sufficient to give venue to such fact, by stating " then and there," only; for it will not do to say that, grammatically, " then and there" refer to the last

cedent time and place. Upon looking into this indictment, we are satisfied the Circuit Court committed no error in quashing the same. The judgment is therefore affirmed; Judge Scott concurring.

*W. H. Otter*, for appellant.
*Gardenhire*, (attorney general,) for the State.