THE STATE, Appellant, v. HAYES, Respondent.

1. Time and place should be stated in an indictment with certainty. An indictment which, after stating several different times, charges that the defendant "then and there" committed the offence, &c., is bad for uncertainty.

*Appeal from Polk Circuit Court.*

*Ewing*, (attorney general,) for the State.

I. Time and place are alleged with sufficient certainty to every material averment. (1 Chitty C. L. 220; Commonwealth v. Wentz, 1 Ashm. 269; Commonwealth v. Dedham, 16 Mass. 141; United States v. La Coste, 2 Mason, 140.)

II. The indictment is sufficient without averring or setting out any order of the court or judge for the warrant. (State v. Copp, 15 N. H. 214; 2 Chitty C. L. 831; 4 T. R. 366; Archb. C. P. 356; 5 T. R. 607; 3 T. R. 632; 3 Gilman, 76.) It is not necessary to set out the process so as to show it to be valid. The State, on the trial, could not introduce invalid process in evidence. It is sufficient to describe the process so as to identify it. (Slicker v. State, 8 Engl. 397; United States v. Clark, 1 Gall. 497.)

*F. P. Wright*, for respondent.

I. The court did not err in quashing the indictment. There are several times previously laid in the indictment, and the venue as to the attempt to rescue is laid by the words "then and there." The law is well settled that when two different times are mentioned in an indictment, and a material fact is afterwards averred, it will not be sufficient to give venue to such fact by stating "then and there" only. (State v. McCracken, 20 Mo. 411; State v. Hardwick, 2 Mo. 228; Jane v. The State, 3 Mo. 63; 1 Chitty C. L. 179; 1 Archb. C. P. 83.)

II. The indictment does not show, nor does it appear on the record that the court or any judge made any order authorizing the clerk to issue the warrant under which the person indicted

was arrested. (R. C. 1845, p. 870.) This presents the question whether the warrant was not void and the proceedings of the sheriff, in making the arrest, illegal. The warrant was also issued in November, 1852, and is made returnable in April, 1852. An indictment for a rescue must show that the person rescued was lawfully in custody, and set out the writ and warrant. (1 Hale P. C. 606 ; Stark. Cr. Pl. 156 ; Archb. C. L. 550 ; Rex v. Mead, 2 Stark. 205 ; see form of indictment for rescuing prisoner held on indictment in 2 Chitty C. P. 197 ; Rex v. Burbridge, 3 P. W'ms, 439, 499 ; Rex v. Osmer, 5 East. 304.)

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for feloniously attempting by force to set at liberty and rescue one Harris Gear out of the custody and against the will of the sheriff of Cedar county, by feloniously, with force and arms, assaulting the said sheriff and by seizing hold of him, the said William Montgomery, the sheriff as aforesaid. The indictment charges that the clerk of the Circuit Court of Cedar county, did, according to law and the statutes in such case made and provided, on the 10th day of November, A. D. 1852, issue a certain warrant under his hand and the seal of the Circuit Court of said county, directed to the sheriff of said county, thereby commanding him, the said sheriff, to take the body of Harris Gear, and him, the said Harris Gear, safely keep, so that he have the body of said Harris Gear at the next term of the Circuit Court for said county of Cedar, to be held at the court-house, in the town of Fremont, on the fourth Monday after the fourth Monday in March, A. D. 1852, then and there to answer unto the State of Missouri upon an indictment against him, the said Gear, for a felonious assault, with intent to kill, upon the body of one William Eversole. The indictment charges that the warrant came to the hands of the sheriff of Cedar county, William Montgomery, Esq., on the 10th day of February, A. D. 1853, to be executed ; and that the

said sheriff afterwards, to-wit, on the day and year last aforesaid, at the county of Cedar aforesaid, as such sheriff, did then and there arrest and take into his custody the said Harris Gear, according to the command of the said warrant, and then and there had the said Harris Gear in his lawful custody by virtue of the said warrant, and the said Harris Gear being so arrested and in the care and custody of the said William Montgomery, sheriff as aforesaid, one John Hays, late, &c., afterwards, to-wit, on the day and year aforesaid, at the county of Cedar, aforesaid, he, the said Harris Gear, so being in the custody of the said William Montgomery, as such sheriff, and for a felony as set forth in said warrant, he, the said John Hays, did then and there feloniously attempt by force to set at liberty and rescue the said Harris Gear out of the custody and against the will of him, the said William Montgomery, by then and there feloniously and with force and arms assaulting the said William Montgomery, and by seizing hold of him and then and there holding him, and by other means and force, to-wit, on the day and year aforesaid, at the county of Cedar aforesaid, contrary, &c.

The defendant appeared to the indictment, and upon his petition the venue was changed from Cedar Circuit Court to the Circuit Court of Polk county. In the Polk Circuit Court he appeared and demurred to the indictment, stating for causes of demurrer that the said indictment is defective and uncertain as to the time when said supposed offence was committed, several times having been previously mentioned in said indictment, and it is unknown and uncertain to which of the times the " then and there" refers. It is not alleged that any order of the Circuit Court or of any judge had been made for the issuing of said warrant. The court sustained the demurrer to the indictment. The circuit attorney brings the case here by appeal.

This indictment, according to the previous decisions of this court, is not sufficient. Here two or three different times have been mentioned, and then the offence is charged to have been " then and there" committed. (State v. Hardwick, 2 Mo.

228 ; Jane v. The State, 3 Mo. 63 ; State v. McCracken, 20 Mo. 411.) The demurrer was therefore properly sustained. The objection taken to the issuing of the capias or warrant, as alleged in the indictment, is not well taken. The indictment avers that the clerk issued the warrant under the seal of the court, according to the statute law in such cases made and provided. The capias, being under the seal of the court, is to be considered the act of the court through its clerk. The judgment below must be affirmed ; the other judges concurring.