THE STATE, Respondent, v. STUMBO, Appellant.

1. An indictment is not rendered invalid by reason of an omission to state therein the time at which the offence was committed, where time is not of the essence of the offence. (R. C. 1855, p. 1176, § 27.)

2. The discovery of evidence of a character merely cumulative is no ground for a new trial.

*Appeal from Dade Circuit Court.*

This was an indictment for selling liquor without a license. It was not stated in the indictment when the alleged offence was committed.

*F. P. Wright,* for appellant.

I. The indictment is bad. A new trial should have been granted.

*Ewing,* (attorney general,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

The only objection to the indictment is that it omits to state the year in which the offence was committed. This objection is disposed of by the 27th section of article 4 of the act regulating proceedings in criminal cases, (R. C. 1855, p. 1176,) which declares that no indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, " for omitting to state the time at which the offence was committed in any case where time is not of the essence of the offence."

Evidence had been given by the defendant, on the trial, of the same kind and to the same point as that stated in the motion and affidavit to have been discovered after the trial. It was then merely cumulative and was not sufficient to authorize a new trial. (Beauchamp v. Seance, 12 Mo. 57; State v. Larimore, 20 Mo. 425.)

With the concurrence of the other judges, the judgment will be affirmed.