State v. Wilcoxen.

————◄●●►————

STATE OF MISSOURI, Appellant, *v.* JAMES F. WILCOXEN, Respondent.

1. *Criminal Practice — Indictment — Robbery.* — An indictment charging that defendant did feloniously rob, steal, take, seize and carry away from the presence and possession of A., by putting him (A.) in fear of some immediate injury to his person, is sufficient without alleging the time the act was done. (R. C. 1855, p. 574, § 20.)

2. *Criminal Practice — Indictment — Jeofails.* — In any case where the time is not of the essence of the offence, the indictment will be good although the time of committing the offence be not stated. (R. C. 1855, p. 1176, § 27.)

*Appeal from Newton Circuit Court.*

Attorney General, for appellant.

The indictment is sufficient—R. C. 1855, p. 574, § 20. The time at which the offence was committed is not of the essence of the offence, and hence the indictment is not defective for failing to state the time when the offence was committed—R. C. 1855, p. 1176, § 27.

The second ground for quashing the indictment assigned by defendant is untrue in fact; the indictment in this regard charges that the property was seized, taken and carried away

" from the presence, possession, and against the will of Frederick O. Clark, which is the same as to charge in the presence of Frederick O. Clark.

*T. A. Sherwood*, for respondent.

The indictment is insufficient, because, being drawn under the 20th section (R. C. 1855, p. 574), it fails to charge that the property was taken from the person or in the presence. Indictments based on statutes must state all the circumstances within the statutory definition of the offence, so as to bring the defendant precisely within the terms and words of the act—State v. Helm, 6 Mo. 263, and cases cited; Anthony v. State, 13 S. & M. 263; State v. McKenzie, 42 Me. 392, and cases cited; State v. Mitchell, 25 Mo. 420; State v. Fleetwood, 16 Mo. 448.

WAGNER, Judge, delivered the opinion of the court.

The respondent was indicted in the Circuit Court of Newton county for robbery in the first degree, in taking a horse the property of Frederick O. Clark; and on his motion the indictment was quashed because the time at which the offence was committed was not specified, and because the indictment did not charge that the property was taken from the person or in the presence of Clark, or that the respondent feloniously put Clark in fear of some immediate injury to his person.

The indictment is based on sec. 20 of the act in regard to crimes and punishments (R. C. 1855, p. 574), which provides that " every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." The indictment substantially follows the language of the statute, and charges that the defendant did feloniously rob, steal, take, seize and carry away the horse from the presence and possession of Clark and against his will, by

putting him (the said Clark) in fear of some immediate injury to his person. There is some unnecessary verbiage used by the pleader, and the indictment might undoubtedly have been drawn with more precision and accuracy; but every essential averment required by the statute is contained in it, and it embodies neither defect nor imperfection which could in any manner tend to the prejudice of the substantial rights of the accused in his defence upon the merits.

The objection that no time is stated in which the offence was committed is disposed of by the statute, which declares that no indictment shall be deemed invalid, nor shall the trial, judgment or other proceeding thereon be stayed, arrested or in any manner affected, for omitting to state the time at which the offence was committed in any case where time is not of the essence of the offence—R. C. 1855, p. 1176, § 27; State v. Stumbo, 26 Mo. 306.

The judgment is reversed and the cause remanded.

Judge Holmes concurs; Judge Lovelace absent.

