The State v. Findley.

---

THE STATE, *Appellant*, v. FINDLEY.

**An Indictment for Selling Liquor**, unlawfully, charged the selling to have been done " on or about the months of January, February and March." *Held*, that it was not open to the objection that it charged several offenses in one count, time not being of the essence of the offense.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*D. H. McIntyre*, Attorney General, for the State.

*Livingston & Green* for respondent.

NORTON, J.—At the April term, 1879, of the Howell county circuit court defendant was indicted for selling intoxicating liquors as a druggist in less quantities than one gallon.

The indictment charges the selling to have been done "on or about the months of January, February and March, 1879." To this indictment a demurrer was interposed by defendant, which was sustained, and from this action of the court the State has appealed. The only objection presented by the demurrer is, that the indictment charged several offenses in one count, in this, that it charged the selling to have been done on or about the months of January, February and March.

Under the rulings of this court in the cases of *Storrs v. State*, 3 Mo. 9; *State v. Fletcher*, 18 Mo. 425; *State v. Myers*, 20 Mo. 411; *State v. Fitzsimmons*, 30 Mo. 236, the point raised by the demurrer is not well taken, and the action of the court in sustaining it was erroneous. As time is not the essence of the offense, it is stated with sufficient certainty. Had the indictment charged the offense to have been committed on the first day of January, the State, on the trial, would have been permitted to show that it was committed on any other day than that alleged in the indictment, provided it was within twelve months before the indictment was found. R. S., § 1821; *State v. Magrath*, 19 Mo. 678; *State v. Stumbo*, 26 Mo. 306; *State v. Wilcoxen*, 38 Mo. 370. Judgment reversed and cause remanded, in which all concur.