State v. Randolph.

### Springfield Court of Appeals, December 6, 1909.

1. **CRIMINAL LAW:** Misdemeanors: Information: Substitution or Amendment: Effect of Going to Trial Without the Issuance of a Capias. Whether a subsequent information filed in a misdemeanor case is an amendment of the original or a substitution is not material when defendant goes to trial without objection and without the issuance of a capias.

2. ———: ———: ———: Statute of Limitations. All that is required in a misdemeanor case is that the proof of the commission of the offense shall be within the period of the Statute of Limitations, and that the allegation as to the date in the information is wholly immaterial under section 2535, Revised Statutes 1899.

3. ————: **Record Must Show Jury Was Sworn.** In a criminal case it is essential that the record must show that the jury was sworn to try the cause and unless the record does affirmatively show that fact the judgment will be reversed.

Appeal from McDonald Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*James A. Sturges* for appellant.

(1)   The information filed August 15, 1907, charging a violation the ————day of June, 1906, being void on its face, will not sustain a conviction.   No motion to quash or plea of limitation was necessary, and the question can be first raised in this court.   State v. Coleman, 186 Mo. 166.   (2)   The verdict was rendered at the August term, 1907, and judgment entered at the January term, 1908.   The record must affirmatively show that defendant was present, or that some responsible person undertook for him to pay the fine and costs. R. S. 1899, sec. 2656, p. 693.   State v. McClain, 156 Mo. 99.   (3)   Juries should be empaneled and sworn, and unless the record so shows, the judgment will be reversed and the cause remanded for trial.   R. S. 1899, sec. 2627; State v. Mitchell, 199 Mo. 105; State v. McKinney, —Mo.—, 120 S. W. —; Garnett v. State, 6 S. W. 513; Biles v. State, 4 S. W. 902.

*Arthur R. Dunn,* Prosecuting Attorney, for respondent.

COX, J.—On February second, 1907, an information was filed in the office of the clerk of the circuit court of McDonald county, by the prosecuting attorney, charging the defendant with selling liquor in violation of the Local Option Law, on the ———— day of June, 1906. On August 15, 1907, an amended information was filed, charging the sale of liquor in violation of the Local

Option Law on the —— day of June, 1906, and, at the same term, defendant was tried by a jury, convicted and punishment assessed at a fine of six hundred dollars. Motion for a new trial was filed, which was continued for hearing until the January term, 1908, at which time it was overruled. Judgment entered, and defendant has appealed.

To secure the reversal of the judgment, defendant now contends that the information, on which it was tried, was, in fact, a substitution and not an amendment to the original information. We deem this matter immaterial, as defendant went to trial upon it without the issuing of a *capias,* so that in that state of the record it was immaterial whether it be deemed a substitution or an amendment.

It is next contended that the information having been filed August 15, 1907, charging the sale of liquor to have occurred on the —— day of June, 1906, that the information shows on its face that the offense was barred by the Statute of Limitations and will not support a conviction.

The offense charged is a misdemeanor, and time is not of the essence of the offense; hence, its commission could be shown on any day within a year before the filing of the information, and the allegation as to date in the information is wholly immaterial under our statute. [Revised Statutes of 1899, section 2535.] All that is required in cases in which time is not of the essence of the offense is that the proof of the commission of the offense shall be within the period of the Statute of Limitations, which, in this case, would be one year.

By an examination of the transcript in this case we learn that the evidence shows the sale to have occurred in September, 1906. This information having been filed on August 15, 1907, the proof shows the sale to be within one year prior to the filing of the information, and is sufficient. [State v. Finley, 77 Mo. 338;

State v. Hughes, 82 Mo. 86; State v. Bennett, 102 Mo. 356.]

It is also contended that the record does not show that the jury who tried the case were sworn before hearing the testimony. All the record says in relation to the jury is "Now comes the following jury" (naming them). The Supreme Court of this State, by whose decisions we are bound, has held that in criminal cases it is essential that the record show that the jury was sworn. [State v. Mitchell, 199 Mo. 105.]

Under the ruling in that case, as in other cases decided by the Supreme Court, the fact that the record does not affirmatively show that the jury was sworn to try this case, compels us to reverse this judgment. The judgment is, therefore, reversed, and the cause remanded for a new trial. All concur.