THE STATE v. GLEN (BUCK) CARDWELL, Appellant.—60 S. W. (2d) 28.

Division Two, April 20, 1933.

*Stratton Shartel*, Attorney-General, and *C. A. Powell*, Assistant Attorney-General, for respondent.

792

WESTHUES, C.—On April 21, 1932, appellant was convicted in the Circuit Court of Taney County, Missouri, on a charge of grand larceny, the stealing of an automobile. The punishment was fixed at ten years' imprisonment in the penitentiary, the maximum prescribed for the offense. [Sec. 4065, R. S. 1929.] After appellant's motion for a new trial had been overruled, he was sentenced. From this sentence he has appealed. The information upon which appellant was tried was based upon Section 4461, Revised Statutes 1929, in that in addition to the charge of grand larceny it charged that appellant had previously been convicted of burglary and sentenced to serve a term in the Missouri Penitentiary therefor, and that he had been discharged from the sentence imposed.

The evidence, on part of the State, was ample to sustain a verdict of guilty. It tended to prove that on a certain night of August, 1931, an automobile, belonging to Daisy Mayden, was stolen. This occurred near a church at Kissee Mills, Taney County, Missouri. The car was later found in Oklahoma. Appellant was arrested in Oklahoma, brought back to Missouri and charged with the theft. The State offered evidence that appellant had made statements admitting that he had taken the car and driven it to Oklahoma. There was

other evidence introduced tending to connect appellant with the theft. It was admitted in evidence that on October 21, 1929, appellant entered a plea of guilty to a crime of burglary in the Circuit Court of Taney County and was sentenced to serve a term of two years' imprisonment in the pentientiary, and that he was released under the merit system, on the fifth day of June, 1931.

■ Appellant has filed no brief in this case. The assignments of error discussed are found in the motion for new trial filed by appellant. The giving of Instruction No. 1, on part of the State, was assigned as error. It reads as follows:

"The court instructs the jury that if you believe and find from the evidence herein that the defendant, Glen (Buck) Cardwell, in the County of Taney and the State of Missouri, on or about the — day of August, 1931, did wrongfully and feloniously take, steal and carry away the property described in the information, with the intent to fraudulently convert the same to his own use and deprive the owner thereof permanently, without her consent, and that the same was the property of Daisy Mayden, you will find the defendant guilty of grand larceny and assess his punishment at imprisonment in the State Penitentiary for a term of ten years; and unless you do so find the facts to be, you will *aquit* the defendant.

" 'Feloniously' means wickedly and against the admonition of the law."

The particular objection to the instruction was that the only punishment authorized was ten years' imprisonment in the penitentiary, the maximum prescribed for the offense. The learned Attorney-General in his brief attempts to justify the giving of this instruction on the theory that the defendant admitted that he had been previously convicted of a crime and had been discharged from the sentence imposed, as alleged in the information; that, therefore, if the jury found defendant guilty of the crime for which he was on trial the punishment would be the maximum. This contention is untenable for the reason that the instruction does not refer to, or mention, the previous conviction. A previous conviction and a discharge from the punishment imposed are made a condition precedent by the statute to the infliction of the maximum punishment for a subsequent offense. [State v. Schneider, 325 Mo. 486, 29 S. W. (2d) 698; State v. Dalton, 23 S. W. (2d) l. c. 5 (13); State v. Bresse, 326 Mo. 885, 33 S. W. (2d) 919.] Even though this fact be admitted it must be submitted to the jury in a proper instruction. An analysis of the cases cited in the State's brief will disclose that the giving of Instruction No. 1, supra, constituted reversible error.

In the case of State v. McBroom, 238 Mo. 495, 141 S. W. 1120, a pawnbroker was charged with receiving goods from a minor without the written consent of the minor's parents. It was also charged that defendant had been previously convicted of a similar offense.

The State offered evidence of the previous conviction, which was not denied. However, the previous conviction was not admitted by the defendant. The trial court submitted the case to the jury, authorizing them to either convict defendant and assess the increased punishment provided for a second offense, or to acquit. This court held that the trial court should also have submitted the case to the jury on the theory that defendant had not been previously convicted, so as to permit the jury to assess the punishment provided for a first offense. This, on the theory that it was necessary for the State to allege and prove the prior conviction. This court also held that since defendant did not admit the prior conviction, it was a question for the jury to determine and not for the court to assume. In the case of State v. Asher, 246 S. W. 911, the defendant was charged with robbery in the first degree. The information alleged a prior conviction and a discharge from the sentence imposed. This court held that the defendant had admitted his previous conviction and had offered evidence that he had been pardoned by the Governor; that, therefore, an instruction, which assumed the fact that defendant had been discharged from the prior sentence, was not erroneous. The case does not disclose whether the court submitted the case to the jury in the alternative so it could return a verdict of guilty without finding defendant had been previously convicted. However, this question was presented to this court and decided in State v. English, 274 S. W. l. c. 473 (7, 8), 308 Mo. 695. English was charged with stealing chickens during the night. The information also charged a previous conviction and a discharge from the sentence. The case was submitted to the jury upon the sole proposition that they would either acquit defendant or find him guilty under what is now Section 4461, and assess the maximum penalty. The opinion disposed of the question thus:

"The defendant claims Instruction No. 1 was error because the jury was not given an opportunity to find the defendant guilty of the crime charged without finding him guilty of the former crime. As Instruction No. 1 reads, the jury could not find the defendant guilty at all, unless he had been formerly convicted, and had served a term in the penitentiary. If they failed to find that, as well as that he was guilty of the present crime, they would have to acquit him. They were properly instructed as to the punishment because if they found him guilty of the present crime and of the former offense, the only punishment they could inflict upon him was five years in the penitentiary. [Secs. 3314, 3702, R. S. 1919.] Besides the record of the former conviction was conclusive of that matter, and the fact was not denied. Defendant's counsel objected, when defendant was asked on cross-examination about the former conviction, on the ground that the record was the best evidence."

In all of the above cases the allegations of the information, with

reference to the former conviction and discharge from the sentence imposed, were embodied in the instruction submitting the case to the jury. We have been unable to find anywhere it was not so submitted.

In 16 Corpus Juris, page 1348, section 3177, we find the following statement of the general rule:

"Where defendant confesses the prior conviction alleged in the indictment, in accordance with a statute conferring such right, it is not necessary for the jury to pass upon the question of previous conviction in order to authorize a sentence for the enhanced penalty. However, in the absence of such statute, or of other statutory provisions regulating the procedure in such case, the jury must find specially as to the fact of prior conviction even though confessed by defendant."

Missouri has no statute regulating the procedure in such cases. The question of a former conviction must, therefore, be submitted to a jury. In the case of State v. Bresse, supra, the defendant offered to admit to the court his previous conviction and discharge from the sentence imposed. He requested the court, however, to require the State's attorney to refrain from reading that part of the information and from informing the jury of the former conviction. Defendant also offered that in case the jury should convict him of the charge for which he was on trial the maximum penalty should be assessed against him. This court in answer to that proposition said:

"Defendant was on trial for a felony, that of participating in the theft of a motor car. It is true that Section 3702 of itself creates no offense, but, if its essential elements are present and proved, it does prescribe a greater punishment upon the jury finding defendant guilty of the offense on trial.

"The finding of facts, under our procedure, is the function of the jury, and this includes the ultimate finding of guilt, and primarily the assessment of the punishment. In a felony case, a defendant cannot consent to a trial before the court without the intervention of a jury. [State v. Talken, 316 Mo. 596, 292 S. W. 32.] In effect, the court's assent to defendant's offer would have been tantamount to a trial in part before the court and an usurpation of the function of the jury. It would have resulted in the cause being tried partly by the court and partly by the jury. Notwithstanding defendant's tentative admission, it was the function of the jury to pass upon defendant's previous conviction, and the court's consent to the offer would have usurped that function. To sustain a conviction under Section 3702, supra, it was necessary for the State to plead and prove the essential elements of said section and it was necessary for the jury to find them."

Instruction No. 1, in the case before us, made no reference what-

ever to the previous conviction. The instruction made it mandatory on the jury to assess the maximum penalty for grand larceny without requiring the jury to find that defendant had been previously convicted. If a defendant is not to be permitted to admit his previous conviction before the court and to offer, in case of conviction of the crime charged, to take the maximum penalty therefor, without having the fact of the previous conviction disclosed before a jury, then certainly the State ought not to have the right to submit the case to the jury, without requiring the jury to find that defendant had been previously convicted, before inflicting the maximum penalty for the offense for which defendant is on trial. Why should the fact of a former conviction be made known to a jury if it can be taken into consideration by the court in its instructions on the punishment to be assessed without making any reference thereto, or requiring a finding thereon? It would serve no purpose other than to prejudice the jury against defendant.

Instruction No. 2, given by the court, correctly instructed the jury not to consider the former conviction as any evidence of defendant's guilt. Instruction No. 2 further told the jury that it could consider the former conviction as bearing upon the question of the amount of punishment to be assessed. This was a useless admonition, since, under Instruction No. 1, the jury was authorized to assess only the maximum punishment without any reference to the prior conviction. Admonishing the jury not to consider the former conviction in determining the guilt of the defendant of the charge for which he was on trial did not cure the defect in Instruction No. 1. The jury should be required to find the essential facts as set forth in Section 4461, supra, before being authorized to assess only the maximum punishment for the offense of which the jury finds the defendant guilty.

The record discloses that when the jury read its verdict the foreman addressed the court as follows:

"We all feel under the law we couldn't make any other sentence except what you instruct; and, we thought it was a little stiff; and we didn't think we had any right to change the terms, and thought we would leave that to you and thought perhaps you could."

The court thereupon informed the jury, that, under the law, defendant could only be assessed the maximum penalty for grand larceny because it was his second offense. A number of jurors, in answer to questions by the attorney for the defendant, said that had they known the court was powerless to reduce the punishment they would not have returned a verdict of guilty. Defendant contends that at this point the court erred in not sending the jurors to their juryroom with further instructions that they might assess a lesser punishment. Since the case must be reversed and remanded we will forego a discussion of this assignment of error. However,

it demonstrates that in practice it sometimes happens that a guilty man escapes punishment because under the instructions of the court the jury are limited to inflict a penalty which in their judgment is too severe. Section 4461, the Habitual Criminal Act, if properly applied, is a most effective weapon whereby a prosecutor may rid his community of professional criminals. In State v. English we held that the trial court was authorized to submit to the jury the sole question of convicting or acquitting a defendant under Section 4461. This, because the instruction required the jury to either acquit the defendant or to find as a fact that defendant had been previously convicted, and to further find him to be guilty of the crime for which he was on trial and then to assess the maximum penalty. However, we think the better practice to be followed in prosecutions under Section 4461 is that prescribed in State v. McBroom, supra, where it is advised as follows:

"In our judgment, the instructions should present to the jury, in the alternative, the issue of former conviction, so that the jury could find for or against the defendant on that issue, as distinct from the question of guilt or innocence of the crime charged, and the verdict should be so framed as to show that the jury passed upon each proposition."

Because of the error in Instruction No. 1, the case must be reversed and remanded for a new trial.

■ ■ Error is assigned because the trial court refused to reprimand counsel for the State and to discharge the jury for an improper question asked by the prosecutor. The matter can be best presented by quoting from the record the cross-examination relied on for error.

" 'Q. How many times have you been convicted of a crime of any kind? A. I never was convicted; I always plead guilty when they got me for anything.

" 'Q. You tried to plead guilty in this?

" 'By Mr. Ingenthron: We object to that.

" 'By the Court: Objection sustained.

" 'By Mr. Ingenthron: We ask that the Prosecuting Attorney be reprimanded and the jury discharged.

" 'By the Court: It will be refused.'

"To which action of the court in refusing to reprimand the Prosecuting Attorney and discharge the jury in said cause, the defendant, by his counsel, duly objected and excepted at the time.

" 'By Mr. Blunk: That remark was thrown in by the Prosecuting Attorney for the purpose of poisoning the minds of the jury.' "

The question, "you tried to plead guilty in this?" was highly improper. It will be noted that no reason was advanced for the objection. However, the answer to the question could not have been relevant to any issue in the trial. Its incompetency was so apparent that a general objection was good. [State v. Baldwin, 317 Mo. 759,

297 S. W. 10.] The trial court evidently so thought, as the objection was promptly sustained. It is reversible error to admit in evidence the offer of a defendant to plead guilty. [State v. Abel, 320 Mo. 445, 8 S. W. (2d) 55, and cases there cited.] The trial court should have reprimanded the prosecuting attorney and admonished the jury to disregard the improper question. Since the case must be remanded for a new trial we will refrain from deciding whether or not the error justified a retrial.

It is charged that the court erred in permitting witness Lyman Cardwell to testify for the State against appellant, when said witness "was a co-defendant charged with the commission of the same crime, his case not disposed of either by plea, trial or dismissal." This assignment is without merit. Lyman Cardwell was not jointly charged with appellant, but was charged in a separate information. Nor was objection made to his testifying. [State v. Black, 143 Mo. 166, 44 S. W. 340.] Section 3691, Revised Statutes 1929, applies only to persons jointly indicted or prosecuted. [State v. Braden, 295 S. W. 784, Syl. 2; State v. Lackmann, 12 S. W. (2d) 424.]

Other assignments have been examined and found to be without merit. The record proper discloses no reversible error. The judgment of the trial court is reversed and the cause remanded for a new trial. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.