THE STATE v. BERTHOLD MCBRIDE, Appellant.—68 S. W. (2d) 688.

Division Two, February 23, 1934.

*John E. Bowcock* for appellant.

*Roy McKittrick,* Attorney-General, and *Olliver W. Nolen,* Assistant Attorney-General, for respondent.

892

WESTHUES, C.—This is an appeal from a conviction of robbery in the first degree. The information, in addition to the robbery charge, alleged that appellant had previously, in May, 1925, been convicted of the offense of robbery in the first degree, sentenced to the penitentiary and upon compliance with the sentence had been discharged. The present offense was alleged to have been committed in St. Charles County on January 23, 1932. On a trial a jury found appellant guilty and assessed a punishment of twenty years' imprisonment in the penitentiary. A motion for new trial was timely filed, overruled by the court and appellant sentenced. From this judgment an appeal was taken.

The evidence adduced by the State warrants the finding that appellant and one James Green entered a storeroom of Dallmeyer & Sons Company in St. Charles, Missouri, on the night of January 23, 1932, at about 9:00 P. M. Three of the Dallmeyer sons and a clerk, named Fred Radel, were in the store at the time. They were compelled, at the point of revolvers, to kneel on the floor while appellant took from a safe and register $800 in cash and $1200 in Liberty Bonds. James Green entered a plea of guilty and was sentenced to twenty years' imprisonment in the penitentiary. He too had previously served a term in the penitentiary. Green testified for the State and detailed how he and appellant had planned and had robbed the store. Appellant was identified by at least two witnesses as the man who rifled the safe and register.

The point was not briefed, but in the motion for a new trial the sufficiency of the evidence to sustain a conviction was challenged. The uncorroborated testimony of an accomplice is sufficient to sustain a conviction. In this case, however, the testimony of the accomplice was corroborated by two witnesses and their identification of appel-

lant was sufficient to sustain a verdict of guilty. [State v. Blackmore and Godsey, 38 S. W. (2d) 32, 327 Mo. 1. c. 715; State v. Scobee and Manning, 331 Mo. 217, 53 S. W. (2d) 245; State v. Hart et al., 331 Mo. 650, 56 S. W. (2d) 1. c. 594 (8).]

■ Appellant in oral argument and in his brief insisted that the court erred in the manner in which the previous conviction of the appellant was referred to in the instructions. Instruction No. 1 submitted the case to the jury on the theory that if the jury found appellant guilty of the charge for which he was on trial and also found that appellant had previously been convicted and had served a sentence in the penitentiary then in that event they should assess the maximum punishment prescribed for the offense for which appellant was being tried. Instruction No. 2 submitted the case to the jury on the theory that should they find that appellant had not previously been convicted, but should find him guilty of the charge for which he was then on trial, then in that case they should fix his punishment at imprisonment in the penitentiary for a term of not less than five years.

Instruction No. 5, also complained of by appellant, reads as follows:

"You are further instructed that in addition to the crime of robbery in the first degree on which charge the defendant is now on trial before you the amended information in this cause charges the defendant with having been formerly convicted of a separate offense of robbery in the first degree, and having served a sentence in the penitentiary as punishment therefor. if, therefore. the jury believe and find beyond a reasonable doubt from the testimony in the cause that the defendant has been formerly convicted of another and separate offense of robbery in the first degree and served a sentence in the penitentiary therefor as punishment, these facts will have no direct bearing upon the charge in this case. He is here and now on trial before you for the offense of robbery in the first degree charged in the amended information in this case to have been committed on the 23rd day of January, 1932, at the County of St. Charles and State of Missouri, solely and only upon the evidence which is introduced before you at this trial pertaining to that offense. The fact of a former conviction, if you find it to be a fact should be considered by the jury only as bearing upon the question of the amount of punishment you inflict in case you find the defendant guilty under the present charge of robbery in the first degree and solely upon the amount of punishment you should assess against the defendant, should you find him guilty."

Appellant in his brief states:

"It is also elemental that the charge of being an habitual criminal creates no offense, but merely. authorizes additional punishment. if the defendant is found guilty of the offense for which he is being tried."

894

In our opinion Instruction No. 5 correctly declared the law. It was given for appellant's benefit.

Appellant cites State v. McBroom, 238 Mo. 1. c. 501, 141 S. W. 1120, as an authority requiring a trial court to submit to the jury "in the alternative, the issue of prior conviction, and require the jury to find for or against the defendant on that issue, separate and distinct from his guilt or innocence of the offense charged." Very recently we had occasion to review the various decisions of this court on this subject in the case of State v. Cardwell, 332 Mo. 790, 60 S. W. (2d) 28. In that opinion we held that the better practice, in cases under the so-called Habitual Criminal Act, was to submit the case to a jury in a manner as pointed out in the McBroom case.

The trial court in the present case followed substantially the procedure prescribed in the McBroom and Cardwell cases. The jury had the right, under the instructions, to acquit appellant or, under Instruction No. one, to find him guilty of the crime charged and assess the maximum penalty because he had been previously convicted, or to find him guilty and assess a punishment of not less than five years' imprisonment, disregarding the previous conviction. That is in substance all the McBroom case holds. It is true in this case the jury did not specifically find that appellant had not previously been convicted of an offense, but they evidently found him guilty under Instruction No. 2. The punishment assessed so indicates. The case was, therefore, fairly submitted to the jury in the alternative and he has no right to complain. The point is ruled against appellant.

■ Appellant also contends that the prosecuting attorney in his closing argument to the jury improperly told the jury that in his opinion appellant was guilty. The prosecutor, after relating the evidence introduced by the State, added: "I ask you to use your own judgment in the case; go into the case as it is, and come back out here with a verdict of guilty, because that man is guilty." At this point counsel for appellant objected. The trial court promptly sustained the objection with the comment: "Sustained to the opinion of the prosecuting attorney in this case unless he bases it on the evidence in the case." What occurred thereafter, as disclosed by the record, was as follows:

"MR. BRUERE: I base it on the evidence in the case, that's my conclusion from the evidence.

"MR. WAYE: We object to the remark of counsel and ask that he be reprimanded for that remark which was highly improper and inflammatory and tends to prejudice the jury in the case, and we ask for the discharge of the jury.

"THE COURT: Sustained, and does criticise the counsel for saying that the defendant is guilty as expressive of his opinion, and rules that he must keep within the record in this case in his argument touching the interest of the defendant and the State.

"MR. WAYE: We renew our exceptions and objection on the ground the rebuke of the Court is not sufficient for that remark, and ask that the jury be discharged.

"THE COURT: The Court refuses to discharge the jury, don't think the remark was sufficiently prejudicial.

"And defendant then and there excepted to the Court ruling and saved his exceptions."

A trial court is clothed with some degree of discretion in declaring a mistrial for improper arguments of counsel. In this case we are of the opinion the trial court would not have been justified in declaring a mistrial. A strained construction must be given the statement of the prosecutor that his opinion of guilt was based on something outside of the evidence. The expression followed a resume of the testimony adduced by the State. The trial court made it clear that an opinion of the prosecutor not based on the evidence was improper. The ruling, refusing to declare a mistrial and to discharge the jury, was entirely proper.

Other assignments of error in the motion for new trial were not briefed by appellant. We have examined them and find them to be without merit. An examination of the record proper fails to disclose any error.

The judgment of the trial court is, therefore, affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.