THE STATE v. BUDDY SUMPTER, Plaintiff.—73 S. W. (2d) 760.

Division Two, July 9, 1934.

*Clyde C. Cope* for plaintiff in error.

622

  *Roy McKittrick*, Attorney-General, and *Frank W. Hayes*, Assistant Attorney-General, for defendant in error.

ELLISON, P. J.—The defendant was convicted in the Circuit Court of Dent County of the crime of assault with intent to kill in shooting one Carroll. The information charged·him under the Habitual Criminal Statute (so-called), Section 4461, Revised Statutes 1929, reciting that he had previously been convicted of carrying concealed weapons. By the terms of said Section 4461, this subjected the defendant to the maximum punishment for the felonious assault charged, which, under Section 4014, Revised Statutes 1929, may extend to life imprisonment in the penitentiary.

But the jury by their verdict assessed his punishment at imprisonment in the penitentiary for a term of only seven years. The trial court rejected the verdict to that extent, on the ground that· the punishment was ''not authorized by law,'' and fixed it at life imprisonment. The defendant brings up the record proper by writ of error, contending: (1) the information was insufficient to constitute a valid charge under the Habitual Criminal Statute; (2) and the judgment and sentence imposed by the court were not supported by the verdict or authorized by law.

I. First, as to the information. The Habitual Criminal Statute, Section 4461, provides in substance that if a person be convicted of an offense punishable by imprisonment in the penitentiary, and be discharged, either upon pardon or upon compliance with the sentence, and be subsequently convicted of another offense committed after such pardon or discharge, he shall receive the maximum punishment fixed for such second offense (up to and including life imprison-

ment). To bring a criminal prosecution within the statute it is held the information or indictment must allege and the proof must show not only the former conviction of the defendant but also his discharge by pardon or compliance with the sentence; and it must also be alleged and proven that the offense charged was committed *after* such former conviction and discharge. [State v. Austin, 113 Mo. 538, 542, 21 S. W. 31, 32; State v. Asher (Mo.), 246 S. W. 911, 913; State v. Schneider, 325 Mo. 486, 492, 29 S. W. (2d) 698, 700.]

The part of the information in this case bearing on the appellant's former conviction alleged:

"That on the 9th day of April, 1931 (the appellant) Buddy Sumpter was convicted in the Circuit Court of Dent County, Missouri, upon a felony charge of carrying concealed weapons, and was by said court sentenced to a term of two years in the state penitentiary and was on the —— day of ——, 1931, delivered by the then sheriff of said county to the Warden of said penitentiary and confined in said institution and that he was on the —— day of ——, 19—, discharged from the said penitentiary of the State of Missouri under the terms of said sentence and the rules of said penitentiary."

From this it will be seen the information does not specify the date of the appellant's discharge from the penitentiary on his former conviction other than to say it was on "the —— day of ——, 19—." Following this the information alleges (this part we have not set out above) that the felonious assault charged in this case was committed on or about the 19th day of August, 1933; but it is not stated that this was *after* the discharge. Appellant's position is that since the information leaves the date of the discharge wholly blank and does not say the assault was committed thereafter, it is fatally defective and insufficient to support a conviction under the Habitual Criminal Statute, in view of the cases cited above, and others.

We are constrained to rule in favor of the appellant's contention. The cases are clear and uniform in holding an information under the Habitual Criminal Statute must allege the discharge of the defendant under his former conviction by pardon or compliance with the sentence before the commission of the offense charged in the information. On this point see the discussion and cases cited in State v. Schneider, 325 Mo. l. c. 492, 29 S. W. (2d) 700. The statute, itself, in terms applies only to offenses committed *subsequent* to such former conviction and *discharge*. And, as indicated in State v. Asher, 246 S. W. l. c. 913, there is good reason for it. A defendant might be discharged by *habeas corpus* thus nullifying the former conviction, conceivably even after the commission of the second offense. Hence the statute requires his discharge under the prior conviction by pardon or compliance with the sentence—in other words in a manner recognizing his guilt and the validity of the first conviction—before the commission of the second offense, as a con-

dition precedent to the infliction of the severe punishment called for by the Habitual Criminal Statute.

We are of the opinion that the information in this case is fatally defective, with respect to the foregoing essential allegation. It says the appellant was discharged from the penitentiary on the —— day of ——, 19——. That is not much better than if no effort at all had been made to fix the time. It wholly fails to allege the discharge from the former conviction occurred before the commission of the offense charged in the information. In arguing against this conclusion the State's brief points out that the information does allege the defendant was convicted of the former offense on April 9, 1931, and it is contended the two-year sentence then imposed would have expired on April 9, 1933, even if served in full, whereas the date of the second offense—the felonious assault charged in the instant case—is alleged to have been over four months later on August 19, 1933. In view of these facts the State argues it appears from the face of the information that the discharge from the former conviction necessarily must have preceded the commission of the assault. We do not agree to this. The information does say the defendant was *sentenced* on April 9, 1931, but it does not follow that he began to serve his sentence in the penitentiary that day. As a matter of fact, the information (again using blank spaces for dates) further alleges the sheriff delivered the defendant to the warden of the penitentiary ''on the —— day of ——, 1931,'' which, so far as this indefinite allegation shows, might have been as late as December 31, 1931, only about twenty months before the commission of the felonious assault here charged. There is nothing in the information showing even by inference that the defendant's discharge under his first conviction antedated August 19, 1933, the date of the felonious assault charged in this case.

Another question presented is whether the foregoing defect in the information is cured by the Statute of Jeofails in our Criminal Code, Section 3563, Revised Statutes 1929, which provides no indictment or information shall be deemed invalid ''for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly; . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'' In view of this statute it was ruled in two early Missouri cases that the total failure of an indictment to allege the time of commission of the offense charged, or the failure to state the year, would not be fatal, where time is not of the essence of the offense. [State v. Stumbo, 26 Mo. 306; State v. Wilcoxen, 38 Mo. 370.] That rule has since been followed by this court down to the present time: State v. Fields, 262 Mo. 158, 170 S. W. 1132; State v. Caviness, 326 Mo. 992, 997, 33 S. W. (2d) 940, 942;

though two of our Courts of Appeals have held that time is always of the essence of a criminal offense to the extent that it must have been committed within the period limited by the Statute of Limitations applicable thereto; that the indictment or information must, therefore, at least allege enough to bring the offense charged within the period of limitation; and that a failure to allege the year or any time at all is consequently fatal. [Ex parte Sydnor (Mo. App.), 10 S. W. (2d) 63, 64; State v. Hardy (Mo. App.), 21 S. W. (2d) 229, 230.] The reasoning of some of the decisions of this court logically leads to that same conclusion, and there is respectable authority to the same effect in other jurisdictions. [31 C. J., sec. 215, p. 684.]

But without turning aside to consider whether the Caviness and Fields cases, supra, are too broad in their holding and should be limited or overruled, we think the Statute of Jeofails does not cure the defect in the information in this case. The Habitual Criminal Statute, Section 4461, clearly and definitely requires that the former conviction and discharge of the defendant must antedate the subsequent offense with which he is charged. It has been several times so held. In other words by force of the statute time is of the essence of the former conviction and discharge to the extent that they must be alleged and proven to have occurred before the commission of the second offense. The information here contains no such allegation and for that reason is bad.

■ II. The next assignment made by appellant is that the judgment and sentence and pronouncement of the court are contrary to the verdict of the jury and unauthorized by law. The verdict of the jury was as follows:

"We the jury find the defendant guilty as charged in the information and assess his punishment at imprisonment in the state penitentiary for a term of seven years.

"W. L. NELSON, Foreman."

On the same day the trial court entered its judgment reciting:

"The jury returned a verdict not authorized by law and not received by Court. Therefore the court assesses punishment at imprisonment in the state penitentiary for a term for and during his natural life."

The case is here on the record proper. In the absence of a bill of exceptions we do not know what the evidence showed concerning the defendant's former conviction and discharge, or what instructions the court gave the jury with respect thereto. But it does appear from the face of the record that the jury assessed the defendant's punishment at only seven years; and that the court rejected that verdict as not authorized by law, and proceeded to assess the punishment at life imprisonment.

We think this action was unwarranted. On what theory did the court declare the verdict was not authorized by law, and proceed to increase the punishment to life imprisonment? It seems to us it must have been one of two theories.

The verdict recited that the jury found the defendant guilty "as charged in the information." The information alleged his former conviction (and discharge). The court therefore may have construed the verdict as a finding of those facts. And, of course, if those facts were found, thereby bringing the case within the Habitual Criminal Statute, the punishment should have been life imprisonment. But, while it is not always necessary for the jury to make a specific finding of the defendant's former conviction, State v. Baldwin, 214 Mo. 290, 306, 113 S. W. 1123, 1127, we are of the opinion that the mere finding in this case of "guilty as charged in the information" was not even inferentially a finding of a former conviction. The only crime charged in the information was the crime of assault with intent to kill, for which the defendant was on trial; the allegations concerning the former conviction were not, themselves, a charge of crime, but were inserted only as bearing on the punishment to be assessed for the assault charged. [State v. Bresse, 326 Mo. 885, 894, 33 S. W. (2d) 919, 922; State v. Collins, 266 Mo. 93, 97, 180 S. W. 866, 867.] And if we indulge the presumption of right action on the part of the court—that it instructed the jury on the law of the case, and told them if they found the defendant had previously been convicted of another crime and served his sentence, the punishment should be life imprisonment—if the jury were so advised, we say, how are we to account for the fact that they did not assess that punishment, but only a term of seven years in prison, except by concluding the jury found against the fact of a previous conviction and discharge?

Such was the conclusion reached in State v. McBride, 334 Mo. 890, 68 S. W. (2d) 688, 690, where a defendant was prosecuted under the Habitual Criminal Statute for robbery in the first degree, the maximum punishment being life imprisonment, Sections 4058, 4061, Revised Statutes 1929. The court submitted the case on two instructions, one on the hypothesis of the defendant's former conviction directing the imposition of the maximum punishment, and the other authorizing the jury to assess the punishment between the maximum and minimum, if they found there had been no former conviction. The verdict made no specific finding on the question of the former conviction, but assessed the punishment at twenty years. This court said that fact showed the jury had rejected the hypothesis of the defendant's former conviction. And so we say in this case, the fact that the jury fixed the punishment at only seven years' imprisonment, forbids a construction of the verdict as a finding of a former conviction, even though the verdict does contain a finding of "guilty as charged in the information."

In this connection we may add that it will not do to argue the jury's verdict may have been intended as a finding of the defendant's former conviction, and that they assessed the punishment at only seven years because they had not been properly instructed by the court to impose the life sentence in that event. If the jury were led by the court's erroneous instructions, or the lack of necessary instructions, into fixing the wrong punishment, the court could not thereupon usurp the province of the jury and fix the punishment, notwithstanding the provisions of Section 3704, Revised Statutes 1929. It is true that section says, "Where the jury finds a verdict of guilty and assess a punishment not authorized by law, . . . the court shall assess and declare the punishment." But it was held in State v. Bevins, 328 Mo. 1046, 43 S. W. (2d) 432, that this section does not authorize the court to lead the jury into error by wrongful instructions and then to reject their verdict and itself assess the punishment.

The other possible theory on which the court may have acted in rejecting the jury's verdict and assessing the defendant's punishment at life imprisonment, seems to us to be this. The bill of exceptions is not before us and we do not know what the evidence was. It may be the defendant admitted his former conviction and discharge, and that the trial court considered this took that question out of the issues of fact. In other words, even though the jury may have found against the fact of the defendant's former conviction and have limited the punishment to seven years in prison, yet the trial court may have thought with the fact of such prior conviction admitted by the defendant, the only punishment the jury *could assess* would be life imprisonment. If this was the court's view it was in error. It has been held in several recent cases that even though the defendant may admit his former conviction, nevertheless the instructions must submit that fact as an issue to the jury, and the jury may find against it. If they do so find then they have the right to fix the punishment at less than the maximum. [State v. Bresse, 326 Mo. l. c. 895, 33 S. W. (2d) l. c. 922; State v. Dalton (Mo.), 23 S. W. (2d) 1, 5; State v. Cardwell, 332 Mo. 790, 60 S. W. (2d) 28; State v. McBride, 334 Mo. 890, 68 S. W. (2d) 688.]

III. Having reached the conclusion that the trial court committed error in rejecting the seven-year punishment assessed by the jury and in fixing the punishment at life imprisonment in the penitentiary, the question arises as to what disposition we should make of the case. Literally the judgment before us recites: "The jury returns a verdict not authorized by law *and not received by Court.*" (Italics ours.) If the court rejected the jury's verdict altogether, then it rejected even the jury's finding of guilt and there is nothing to support the court's judgment and sentence. But it is evident the ver-

dict was returned and that what the court rejected was merely that part of it fixing the punishment at seven years' imprisonment. The appellant in effect concedes this in his brief and points us to Section 3765, Revised Statutes 1929, saying that under that section this court may sentence him to imprisonment in the penitentiary for the correct length of time. It has been so held. [State v. James, 194 Mo. 268, 280, 92 S. W. 679, 683; State v. Hamilton, 263 Mo. 294, 303, 172 S. W. 593, 596.] We find no other errors in the record. Accordingly it is ordered and adjudged by this court that the defendant Buddy Sumpter be confined in the penitentiary of this State for a term of seven years, from and after August 23, 1933, the date of the original sentence herein, and that the marshal of this court shall, with all convenient speed, convey the appellant to said penitentiary and deliver him to the warden thereof, to be imprisoned for the period aforesaid according to law and the rules of said institution, if he be not already confined therein.

Judgment below modified, and as modified affirmed. All concur.