251 S.W.2d 607 (1952)
STATE
v.
BOCKMAN.
No. 43156.
Supreme Court of Missouri, Division No. 1.
October 13, 1952.
Joseph B. Geisler, Mountain View, for appellant.
J. E. Taylor, Atty. Gen., A. Bertram Elam, Asst. Atty. Gen., for respondent.
VAN OSDOL, Commissioner.
Defendant was convicted of grand larceny under Section 560.155 RSMo 1949, V.A. M.S., and sentenced to five years in the state penitentiary. Herein upon appeal defendant-appellant contends that the trial court erred in submitting the State's case to the jury; abused its discretion in refusing to grant a continuance upon the application of defendant; erred in refusing to grant a new trial upon defendant's motion supported by uncontroverted affidavits that a witness for the State had testified falsely; and erred in allowing a special prosecutor to assist in the prosecution. Defendantappellant *608 also asserts that defendant was convicted on the uncorroborated testimony of an accomplice, and contends the trial court failed to give a correct cautionary instruction on the testimony of an accomplice.
The State introduced evidence tending to show that neat cattle, two white faced cows and two calves, were turned out on the range in Shannon County by their owner, S. B. Hodge, on the 27th day of April, 1951. These cattle were sold at a sale barn at Columbia, Missouri, to one Homer Calvin, May 9, 1951. The cattle had been brought to Columbia in defendant's truck. There was testimony tending to show that defendant caused the cattle to be listed at the sale barn under the name of Earl Goforth who had accompanied defendant to Columbia, and that defendant negotiated the sale of the cattle to Calvin; but, when the check was made out for the purchase price, defendant requested Calvin to make the check payable to Goforth who cashed the check and divided the proceeds with defendant.
Earl Goforth, who was separately charged with larceny of the cattle, testified for the State in the instant case. He said that defendant, who resided about forty miles away, came to the Goforth home in Shannon County the afternoon of May 7, 1951. Defendant "wanted to see if he could get me to help him get some cattle." Goforth further testified that he at first refused; but, late the next afternoon, he fell in with defendant's plan. "I finally decided and told him I would go with him to see if we could find some and we found these (cattle belonging to Hodge). He (defendant) told me if I would take them back up there (to Goforth's place) and help load them that was all I would have to do and I would get one-half of the money." Goforth and defendant drove the four head of cattle to the barn on the Goforth farm the late afternoon of May 8th; loaded the cattle into defendant's truck during the night; and departed for Columbia very early in the morning of May 9th.
Defendant testified that he, a trucker, had been requested by Goforth to "come up" and haul some cattle, and that his only acts or interest in the entire transaction were those of transporting the cattle for hire to the place of sale; that he was paid $50 for this service; that he did not know the cattle had been stolen, but supposed they were the property of Goforth; and that his participation in the actual sale of the cattle to Calvin was merely that of trucker rendering customary assistance to a patron, Goforth.
The evidence was substantial and sufficient in tending to prove defendant's guilt, and the trial court did not err in submitting the State's case to the jury. The testimony of Goforth, an accomplice, was sufficient to sustain defendant's conviction of the crime charged. A defendant may be convicted on the uncorroborated testimony of an accomplice. State v. Crow, Mo.Sup., 87 S.W.2d 427; State v. McBride, 334 Mo. 890, 68 S.W.2d 688; State v. Stephens, Mo. Sup., 8 S.W.2d 3.
On the day of the trial, September 20, 1951, defendant filed an application for a continuance on the stated ground that a witness, one Cynthia Goforth, aunt of Eari Goforth, was confined to the hospital on orders of her physician, and that the witness could not appear in court without impairing her health. The application was verified by the affidavit of defendant stating the facts set out in the application were true to the best of his knowledge and belief. The application stated that the testimony of the witness would tend to discredit the testimony of the State's witness, Earl Goforth; and that the witness, if present, would testify that Earl Goforth had told her his story implicating the defendant as a party to the crime was concocted in order to shift the blame and thereby obtain a lighter sentence for him, Goforth. The granting or refusal of a continuance rests largely within the discretion of the trial court. State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077. The testimony of the absent witness, according to the application, would tend to impeach or discredit the witness Goforth. The application did not show what diligence had been used to procure the testimony of the absent witness, nor did the application state the probability and time of procuring her testimony. The *609 application did not comply with Section 545.720 RSMo 1949, V.A.M.S., in the further respect that, although the facts as stated in the application were verified, the affiant did not state he believed the facts, to which he stated the absent witness would testify, were true. State v. Kimbrough, supra. Defendant-appellant virtually concedes the insufficiency of the application, but complains that he should have been permitted to amend. The record, however, fails to reflect any request of defendant to file an amended application. We are of the opinion the trial court did not abuse its discretion in refusing to grant the continuance.
Defendant's wife, a cousin of Earl Goforth, testified that, in August 1951, Goforth came to the Bockman home and told her that special counsel had told him that, upon payment of a stated fee, counsel would "clear him and throw it all on Roy because he had been convicted once before." Defendant's wife testified that one Charley Tripp had accompanied Goforth and was present and heard the conversation. Charley Tripp, a witness for the State in rebuttal, denied he had accompanied Goforth, and denied having heard any such conversation. Defendant, in his motion for a new trial, stated he was "completely surprised" by the testimony of the witness Tripp, the testimony being "contrary to previous statements made," and that the testimony could be shown to be false upon a retrial. We may assume that this evidence had been discovered by defendant since the trial. Affidavits were attached in which affiants stated Tripp had accompanied Goforth to the Bockman home as defendant's wife had testified. When Tripp testified at the trial, defendant did not advise the trial court of surprise; nor did defendant move for a continuance, or request opportunity to discover other evidence refuting the testimony of Tripp. The affiants' testimony would be but cumulative and in impeachment. The testimony of the affiants, if a new trial were granted, would tend to contradict the testimony of and impeach the witnesses, Tripp and Goforth, and would be cumulative, although corroborative of the testimony of defendant's wife who had testified, in effect, in contradiction of Tripp and Goforth. We hold that the trial court did not err in refusing to recognize the stated assignment as justifying a new trial of the cause. State v. Lakin, Mo.Sup., 177 S.W.2d 500; State v. Hannebrink, 329 Mo. 254, 44 S.W.2d 142.
The Honorable J. Ben Searcy appeared specially in the instant case and assisted in the prosecution. Mr. Searcy was also counsel for Earl Goforth who, as stated, was separately charged. Herein defendant-appellant contends, as stated, that the trial court should not have permitted Mr. Searcy to participate in aid of the prosecution. Defendant-appellant asserts that the purpose of Mr. Searcy's participation was to procure the conviction of defendant, who had been formerly convicted of larceny of livestock, and thus to invite the trial court's consideration of leniency in behalf of his client, Goforth. If such were shown to have been the purpose of Mr. Searcy's appearance, we do not wish to say we would approve. Defendant-appellant reminds us that this court has remarked that custom of permitting the employment of special prosecutors and allowing them to conduct criminal cases for the State, while not unauthorized, is not to be commended. Special prosecutors are usually employed by private individuals solely to secure a conviction, and their zeal and energies are bent to accomplish that end, which is not the sole purpose of a criminal prosecution. A fair and impartial trial is always best afforded a defendant when the prosecution is conducted by the State's accredited prosecutor who, no matter how vigorously he may prosecute, does not, or at least should not, under his oath, lose sight of the fact that defendant is entitled to a fair and impartial trial. State v. Moreaux, 254 Mo. 398, 162 S.W. 158.
While Mr. Searcy did participate in the trial, cross-examined the defendant's witnesses and conducted the direct examination of the State's witnesses in rebuttal, the record shows that the prosecution was in the general charge of the Honorable Friend *610 B. Greene, the regularly elected and qualified prosecuting attorney of Shannon County. We should hesitate to impute improper or prejudicial conduct on the part of special counsel from the mere fact of counsel's special appearance. Defendantappellant made no complaint in the trial court of Mr. Searcy's special appearance for the State; and defendant-appellant does not direct our attention to any conduct, and our search of the record has not disclosed any conduct, of the prosecuting attorney or of Mr. Searcy in the trial of the cause whereby the bounds of legitimate advocacy were overreached or whereby constitutional right of defendant to a fair and impartial trial was transgressed.
At the request of defendant, the trial court gave Instruction A, as follows,
"The Court instructs the jury that the testimony of parties aiding, assisting, encouraging and abetting the crime, is admissible; yet their evidence when not corroborated by the testimony of others not implicated in the crime as to matters material to the issue, ought to be received with great caution by the jury, and they ought to be fully satisfied of its truth, before they should convict defendant on such testimony."
Defendant-appellant contends the instruction was erroneous in failing to define the meaning of the language, "matters material to the issue", citing State v. Chyo Chiagk, 92 Mo. 395, 4 S.W. 704. The Instruction A, as stated, was given at defendant's request. However, defendant-appellant urges that it was the duty of the trial court to give a correct instruction cautioning the jury on the testimony of an accomplice. Defendant-appellant in his motion for a new trial assigned no error of the trial court in instructing the jury. We may not decide contentions of error in instructing the jury where, as here, the asserted error has not been assigned with particularity and thus brought to the attention of the trial court in the motion for a new trial. State v. Foster, 355 Mo. 577, 197 S.W.2d 313; State v. Ellis, Mo.Sup., 159 S.W.2d 675; Section 547.030 RSMo 1949, V.A.M.S.
We have found no reversible error in the record, and the judgment should be affirmed.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.