STATE of Missouri, Respondent,

v.

John William HARRIS, Appellant.

No. 45429.

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

Robert A. McIlrath, Flat River, for appellant.

John M. Dalton, Atty. Gen., Harold L. Henry, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Defendant, John William Harris, was charged with and convicted of burglary and larceny and the jury found that he theretofore had been convicted of a prior felony as charged. His punishment was fixed at 15 years (the maximum total for both burglary and larceny) in the state penitentiary. He has appealed from the ensuing judgment.

He contends on this appeal that the court erred in denying his motion for judgment of acquittal at the close of the state's case. Defendant, subsequent to the trial court's ruling on that motion, adduced evidence in his own behalf and thereby waived any alleged error in the denial of his motion for a judgment of acquittal at the close of the state's case in chief. State v. Roseberry, Mo.App., 283 S.W.2d 652, 654 [1].

Defendant next contends that the court erred in denying his motion for judgment of acquittal at the close of all the evidence. The state's evidence tended to show that at about one o'clock in the morning of September 2, 1954, defendant, accompanied by state's witness Hozie Goodman, broke into a filling station on Highway 67 in St. Francois County and took therefrom 15 to 17 cartons of cigarettes of a value of $25, some chewing gum, and $40 in silver. While the defendant denied that he committed either of the crimes charged and adduced evidence tending to prove that he was at another place at the time of their commission, nevertheless, it is clear that the state's evidence, if substantial, was sufficient to make submissible cases on both burglary and larceny. It is true, as defendant contends, that the state's evidence tending to prove the essential facts was adduced through the testimony of defendant's accomplice, Hozie Goodman, who, at the time of trial, was an inmate at the Algoa Intermediate Reformatory. Defendant's argument is that because Goodman was a self-confessed criminal, and because Goodman "continuously lied throughout this case," his testimony was not substantial.

The testimony of Goodman, an accomplice, even if uncorroborated, was sufficient to sustain defendant's convictions of the crimes charged, State v. Bockman, Mo., 251 S.W.2d 607, 608 [1-2]; State v. Emrich, Mo., 250 S.W.2d 718, 725 [9], unless that testimony was for some reason so lacking in probative force as not to amount to substantial evidence. State v. Dupepe, Mo., 241 S.W.2d 4, 6, 7. Our review of Goodman's testimony discloses that it was not inherently incredible, was not self-destructive, was not completely impeached by contradictory evidence, and was such that reasonable minds might believe it. Consequently, his testimony constituted substantial evidence, and, in determining its sufficiency, we accept that substantial evidence as true, together with all inferences that may reasonably be drawn therefrom. State v. Dupepe, supra, 241 S.W. 2d 7 [3-5]. Defendant's contention that

the witness "lied" is based upon the testimony and thus the credibility of other witnesses and upon some claimed inconsistencies in Goodman's testimony. But those questions affected the weight of his testimony and it was for the jury to find whether the witness was telling the truth as to the essential facts.

■ Defendant's cited cases to the effect that the uncorroborated testimony of an accomplice should be received with great caution by the jury are not applicable. Defendant did not request the court to instruct on the manner in which a jury might view the testimony of an accomplice and, in the absence of such a request, the court was not required to so instruct. State v. Rizor, 351 Mo. 137, 142 [6, 7], 171 S.W.2d 710, 712 [7–10].

■ Defendant next contends that the trial court erred in failing to sustain a defendant's motion to strike and to instruct the jury to disregard one of Goodman's answers during cross-examination. The record shows that on direct examination the witness was interrogated about the movements of an automobile of which he, defendant, and another were occupants subsequent to the alleged ·burglary and larceny, and it was developed that they had stopped in Ironton. On cross-examination concerning the details of the Ironton stop, Goodman stated that they had stopped at Crocker's house in Ironton but had not stopped for a visit. On redirect the record shows the following:

"Q. When you got to Claude Crocker's house how long were you there? A. I'd say approximately 45 minutes.

"Q. What did you do while you were at Crocker's house? A. Burglarized it.

"By Mr. McIlrath [defendant's counsel]: Now I want to ask that

that be stricken and the jury be told to disregard it.

"By the Court: Overruled."

Defendant now argues that the trial court should have ordered that testimony stricken and that the jury disregard it because it was evidence that defendant was guilty of a separate and distinct crime for which he was not on trial, and that the proof of that separate crime had no tendency to establish defendant's guilt of the offense for which he was on trial.

As appears above defendant made no objection to the question asked. But the objectionable nature of the answer was not apparent from the question asked, and thus the motion to strike the answer was timely. State v. Cain, Mo., 37 S.W.2d 416, 418 [5]. It also appears that defendant failed to assign any reason in his motion to strike. Having so failed he preserved nothing for appellate review unless the answer given constituted evidence which was wholly inadmissible for any purpose. If it was wholly inadmissible for any purpose it would seem that a general motion to strike should be sufficient on the same theory that a general objection to wholly inadmissible evidence is sufficient. State v. Medley, 360 Mo. 1032, 1041, 232 S.W. 2d 519, 524 [3–5]. But the fact alone that *relevant* evidence tends to prove defendant guilty of a separate crime does not, in the absence of a specific objection on that ground, make the admission of such testimony erroneous. State v. Medley, supra, 232 S.W.2d 525.

It may be conceded that Goodman's answer to the effect that Crocker's house was burglarized when he and defendant stopped there did tend to prove defendant guilty of a crime other than that for which he was on trial. Further, it is apparent that the answer was prejudicial to defendant and we have no doubt that upon a proper specific objection or upon a motion to strike in which the proper reason was as-

signed, the evidence should have been refused or stricken. The question here, however, is whether the witness' answer constituted relevant evidence under any view of the issues in the instant case.

Defendant's counsel during the cross-examination of Goodman clearly indicated by certain of his questions that defendant would rely upon an alibi defense. Counsel asked leading questions attempting to elicit from the witness that defendant had left the company of the witness during the afternoon of September 1 (long prior to the time of the alleged burglary and larceny) and had not been with the witness later in the evening. Defendant's counsel went in some detail into witness' movements subsequent to the Sinclair burglary, during which time the witness claimed defendant was with him. Among those details brought out on cross-examination were the facts that a stop had been made at Crocker's house in Ironton, the identity of the Crockers, the fact that they (witness, defendant, and another) did not stop at Crocker's to visit, the exact route taken to Crocker's, the time of arrival there, and the fact that they went from Crocker's to the home of one Tucker, the other person present in the automobile.

In view of the later developed fact that defendant's defense was an alibi supported by his own and the testimony of several witnesses, we may not say that the evidence elicited by the state's question on redirect examination of Goodman, that Crocker's house was burglarized during their 45-minute stop in Ironton, was not relevant. It had some tendency to disprove defendant's then indicated and subsequently developed alibi defense. It is true that the only essential fact to prove defendant's presence with his accomplice Goodman in Ironton at a given time and thus the only essential fact to disprove defendant's alibi was the proof that defendant *was* in fact in Ironton with the witness at a given time. That is to say, it did not necessarily mat-

ter what witness and defendant were doing in Ironton as long as they were together there at the time in question. We may not say, however, that a showing (on redirect examination after the detailed cross-examination as noted) of what they did in Ironton was not some relevant evidence tending to substantiate the witness' claim that he and defendant were in fact together at the time indicated.

Our conclusion is that under at least one view of the issues at the instant trial it may not be said that Goodman's answer was so totally irrelevant as to be wholly inadmissible for any purpose. It follows that we may not convict the trial court of error in overruling defendant's motion to strike wherein was assigned no ground upon which the evidence should have been stricken. We should make clear, however, that we do not rule that it would not have been reversible error for the trial court to have overruled a motion to strike the witness' answer if the stated ground of the motion had been that the answer constituted evidence of defendant's guilt of a separate and distinct crime.

The record shows that defendant on cross-examination had denied that he had been in Farmington on September 2. Immediately following that denial, the state's attorney asked defendant, "Where did you get the syrup that was on your shoes when the sheriff picked you up?" Defendant objected to the question, moved that it be stricken, and for a mistrial. The trial court sustained the objection to the question and denied the request for mistrial. Thereafter, out of the hearing of the jury, the defendant expanded upon his objection, pointing out that he had stated at a bench conference early in the trial that he anticipated evidence pertaining to the commission of a burglary at the Dairy Queen in Farmington on the same night as the burglary and larceny involved in the instant trial, and of which defendant had been tried and acquitted, might get into the

case; and that he had then suggested and cautioned that no such evidence should be admitted, and that the court at the time had sustained his position.

Defendant now contends that the question, in the light of the background noted, "might have brought to the minds of the jury that the defendant had been tried for a burglary committed the same night the Sinclair Service Station was burglarized" and thus the jury would know that a crime had been committed by the witness Goodman and someone other than defendant because, defendant says, he had been acquitted of that alleged burglary. Aside from the fact that it would appear at first blush to have been beneficial rather than detrimental to the defendant to show that a jury had theretofore decided that he was not with Goodman at the time of another burglary in or near Farmington on the same night as the Sinclair burglary, the obvious fallacy of defendant's present contention is that there is no demonstration in the record that only asking the unanswered question disclosed anything about another burglary or defendant's alleged connection therewith. There is no attempt here to show, and we may not assume, that members of the instant jury knew anything about the alleged burglary at the Dairy Queen or knew anything about the state's apparent contention that there had been some syrup on the floor in the Dairy Queen when it was burglarized the same night. Under the circumstances, we cannot perceive how defendant could have been prejudiced by the failure of the trial court to have discharged the jury.

Defendant's final contention is that the trial court erred in failing to discharge the jury because of an argument made by the state's attorney. The record shows that during his closing argument the prosecuting attorney said, "Ladies and gentlemen of the jury, I can tell you this: There hasn't been a first time that I ever put a witness on that stand who I didn't think would at least tell you the truth.

"By Mr. McIlrath [defendant's counsel]: If the Court please I want to object to that. That is not a proper statement.

"By Mr. Medley: He has raised the question Your Honor as to why we didn't bring Junior Tucker in here and I think I've got a right to tell them why.

"By Mr. McIlrath: That is certainly not a proper statement for him to say, what he did personally.

"By the Court: Sustained.

"By Mr. Medley: Well, the reason we didn't bring Junior Tucker in here and put him on the stand is because I didn't believe he was telling the truth and I wouldn't present a witness to the jury whom I thought would lie.

"By Mr. McIlrath: Now if the Court please I want to object to that and ask that that be stricken.

"By the Court: Let it be stricken.

"By Mr. McIlrath: Tell the jury to disregard it.

"By the Court: The jury will disregard it.

"By Mr. McIlrath: I also want to ask that the jury be discharged because that is a highly improper statement.

"By the Court: Overruled."

The foregoing quotation from the record clearly shows that the trial court sustained defendant's objection to the prosecutor's first statement and, as to that, defendant asked no further relief. Upon objection the trial court ordered the second statement stricken and instructed the jury to disregard it. In our view it is apparent on the face of the record above set forth that the trial court did not abuse its discretion, and, therefore, did not err in failing to discharge the jury.

We have examined and found no prejudicial error in those parts of the record which we examine irrespective of the allegations in the motion for new trial.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.