STATE of Missouri,
Plaintiff–Respondent,

v.

Arlen Bert BROWN,
Defendant–Appellant.

No. 11761.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 14, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 23, 1980.

Application to Transfer Denied
Dec. 15, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Downs & Johnson, Cape Girardeau, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Arlen Bert Brown was jury–tried and convicted in Dunklin County of driving while intoxicated, third offense [§ 577.010, RSMo 1978] and sentenced to one year in the county jail. He contends prejudicial error was committed by the prosecuting attorney in closing argument and that the sentence imposed exceeded the punishment assessed by the jury.

During the state's final argument defendant voiced the following objection: "Your Honor, the defendant would like to object to this line of argument. There's no facts in the case to support that." Defendant's objection was overruled. In his motion for a new trial his assignment directed to the argument states it was "highly prejudicial". Here, his point attacks the argument because it "was not based on facts in evidence, and was highly prejudicial and inflamatory [sic]."

An assignment in a motion for a new trial must be based upon the objection and reasons stated at trial. *State v. Brookshire*, 353 S.W.2d 681 (Mo.1962), cert. denied 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119;

*State v. Hatten*, 561 S.W.2d 706 (Mo.App. 1978). And, the objection as at trial cannot be broadened in scope or enlarged upon in this court. *State v. Jones*, 515 S.W.2d 504 (Mo.1974), 89 A.L.R.3d 258. The point has not been properly preserved for appellate review and is therefore denied.

The jury returned the following verdict:

"We, the jury, find the defendant Arlen Bert Brown, guilty of driving while intoxicated as submitted in Instruction No. 7 [MAI–CR 13.20].

We assess and declare the punishment at 90 days but not more than One Year." [1]

After the verdict had been received and the jury discharged, a pre–sentence investigation was ordered and formal sentencing set for a later date. Defendant filed a motion for new trial which was thereafter overruled. Defendant was granted allocution and sentenced by the trial court to one year in the county jail. Here, defendant contends that because the trial judge initially expressed the opinion that the "but not more than one year" in the verdict was surplusage, defendant could not be sentenced in excess of 90 days. This contention ignores the further observation of the trial judge that the verdict would stand as received until he could research the law on the matter. At sentencing the court stated it was of the opinion that Rule 29.03 (substantially the same as prior Rule 27.03) and *State v. Starks*, 459 S.W.2d 249 (Mo. 1970), authorized the court to fix the penalty. We agree and defendant's point is denied.

Judgment is affirmed.

MAUS, GREENE and PREWITT, JJ., concur.

---

1. The concluding paragraph of Instruction No. 7 is as follows:

"If you do find the Defendant guilty of operating a motor vehicle while intoxicated, you will fix his punishment, one, by imprisonment by the Department of Corrections for a term fixed by you but not less than two years nor more than five years; or, two, by confinement in the county jail for a term fixed by you but not less than *90 days nor more than one year.*" (Emphasis ours)