**STATE of Missouri, Respondent,**

v.

**Joseph JOHNSON, Appellant.**

**No. 42821.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

Robert C. Babione, Public Defender, Thomas F. Flynn, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of burglary in the second degree,

§ 569.170, RSMo 1978. The jury assessed his punishment at four years in the Department of Corrections. Defendant had been charged as a persistent offender and after a finding by the court that he was a persistent offender, the court enhanced the punishment by an additional six years. Defendant appeals. We affirm.

On appeal, defendant raises one point. He contends the court erred in submitting instruction No. 9, which is MAI–CR 2d 2.60, to the jury. That instruction reads as follows:

You are further instructed that if you find the defendant guilty of Burglary in the Second Degree, as submitted in Instruction No. 7, or guilty of Trespass in the First Degree as submitted in Instruction No. 8, the court may, under the law, sentence the defendant to either:

1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict,

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such fine.

In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you.

Defendant alleges that it was error to submit this instruction when he was also charged as a persistent offender because the "instruction denies defendant his rights to a fair trial and to a jury trial in that the instruction misleads the jury into believing that the sentence assessed by it was the sentence that the defendant would serve when, in fact, the Court can and, in this case did, increase the sentence. Consequently, the instruction perpetrates a fraud on the jury."

Initially, we note that instruction MAI–CR 2d 2.60 was required in this case. Defendant was charged with burglary in the second degree, a class C felony. The court submitted an instruction on burglary in the

second degree and trespass in the first degree (a class B misdemeanor). Paragraph 2 of the Notes on Use for this instruction provides:

2. Unless clearly provided otherwise, MAI–CR 2.60 (with modifications in certain cases as directed in other Notes on Use herein) must be given in connection with the submission of each count of every case in which the defendant is a person and in which the court submits at least one class C or D felony or one class A, B or C misdemeanor. *See Note 6 as to non-code offenses.*

It is obvious that the failure to give instruction MAI–CR 2d 2.60 would have been error.

The persistent offender statutes §§ 558.016 and 558.021 allow the court to sentence a defendant who has been found guilty of a class B, C, or D felony to an "extended term of imprisonment if it finds the defendant is a persistent or a dangerous offender." § 558.016.1, RSMo 1978. Section 558.021 provides that after a defendant has entered a plea of guilty or is convicted of a felony by a jury, the court must hold a post-trial hearing "at which evidence establishing the basis for an extended term is presented ...." Only upon a determination that a basis for the extended term exists, shall the court in fact extend the sentence. Here, defendant makes no challenge to the procedures used by the court and we have previously determined that a defendant is not entitled to a jury trial on the persistent offender issue. *State v. Juralos*, 611 S.W.2d 569 (Mo.App.1981).

It is certainly arguable in a persistent offender case that, after reading instruction 2.60, a jury would believe that the court could not give a sentence in excess of the jury's assessment. At the time of its submission, the instruction was not necessarily misleading. If the court had subsequently found the defendant not to be a persistent offender, the court's sentence could not have exceeded the assessment of the jury.

Defendant presents the following argument. Because the jury had a choice of

convicting defendant of either burglary second degree, a felony, or trespass first degree, a misdemeanor, the information regarding the court's ability to extend a sentence for a felony was relevant to the jury. Defendant hypothesizes that if the jury had known about the court's ability to extend sentence, it might have opted to convict the defendant of trespass instead of burglary second degree so as to control the punishment.

The Missouri Supreme Court faced a similar issue in *State v. Hunter*, 586 S.W.2d 345 (Mo. banc 1979) which dealt with a somewhat similar situation under the habitual criminal act. There, the *Hunter* court stated:

> That the jury could have been misled by the felony instruction as to its power to assess punishment is difficult to deny. The harmful effect of the instruction, however, is subject to greater debate. Under the facts of this case, no prejudice to appellant is found. The question of guilt was to be determined first, under the terms of MAI–CR 7.70. Punishment was to be determined only if appellant were found guilty beyond a reasonable doubt. While it may be within reason that a jury might consider the punishment concurrently with guilt, such reasoning does not compel the conclusion that a jury would decide to convict on a felony submission, not on a basis of guilt, but on the basis that it could control the assessment of punishment. The jury in the instant case not only had the options of finding appellant guilty or not guilty of two separate crimes, it also had a variety of punishments from which to choose.... [A] jury is presumed to have followed the court's instructions ...."

*Id.* at 348.

We think the reasoning of *Hunter* is applicable here and therefore find no prejudice in the giving of MAI–CR 2d 2.60. It may be that the Committee on Pattern Criminal Charges and Instructions will want to review the language of this instruction as it pertains to the persistent offender cases.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.