**STATE of Missouri, Respondent,**

v.

**David W. GILLIAM, Appellant.**

**No. 43062.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1981.

William C. Barnett, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Defendant appeals from convictions of attempted rape in violation of §§ 564.011 and 566.030, RSMo. 1978 and burglary in the first degree in violation of § 569.160, RSMo. 1978. Two consecutive sentences of ten years imprisonment were imposed upon defendant as a "persistent offender." As to the burglary conviction, defendant challenges only the sentence received thereupon.

Late at night on August 16, 1979, Linda Karszenia invited a friend, Diane Wachter, and three of Ms. Wachter's friends to her home to drink and listen to music. During the two hour visit, one of Ms. Wachter's friends made repeated, albeit unsuccessful,

attempts to persuade Ms. Karszenia to sit beside him. Sometime after midnight, Ms. Karszenia asked everyone to leave, stating that she had to be at work very early. Everyone left, but a short time later the defendant returned. Ms. Karszenia answered his knock but refused him admittance. Defendant pushed the front door open and forced the victim onto her folded-out couch. Ms. Karszenia struggled but the defendant hit her several times and lifted her T-shirt trying to tear off her brassiere. Defendant told Ms. Karszenia that he was "going to have some of [her]." After a struggle and repeated pleas by Ms. Karszenia, the defendant stopped and began crying. Ms. Karszenia was then able to free herself to call Ms. Wachter, who called the police at Ms. Karszenia's request. When police arrived, Ms. Karszenia ran out the front door toward the police car, while the defendant escaped through the back door.

Defendant first contends the trial court erred in submitting the question of the attempted rape to the jury because there was insufficient evidence. We disagree.

Our review of the sufficiency of the evidence is limited to consideration of evidence most favorable to the state and all favorable inferences therefrom. *State v. Longmeyer*, 566 S.W.2d 496, 499–500 (Mo.App. 1978). The evidence presented supported a conviction of attempted rape under § 564.-011, RSMo. 1978 which states:

> 1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The comments to § 564.011 specifically state that the determination of what act will constitute a "substantial step" depends on the "facts of the particular case." *State v. Woods*, 48 Ohio St.2d 127, 357 N.E.2d 1059, 1063 (1976).

Although the defendant herein voluntarily abandoned his attempt to commit the rape, that is not a defense to the crime of attempted rape. *State v. Thomas*, 438 S.W.2d 441, 446–47 (Mo.1969). The evidence presented at trial was sufficient to support submission of the issue of attempted rape to the jury.

Defendant next complains of error in giving the jury an instruction, MAI–CR 2.60, on the court's sentencing options. We find no error. The trial court properly gave this instruction which was mandatory under MAI–CR 2.60, Note on Use 2. *State v. Grady*, 577 S.W.2d 930, 931 (Mo.App.1979); *State v. Lomack*, 586 S.W.2d 90, 94 (Mo. App.1979).

Pursuant to their instructions, the jury recommended punishment. At sentencing, the trial court properly found defendant to be a "persistent offender" under § 558.-016(2), RSMo.1978. Defendant received two consecutive ten year sentences. Section 558.021, RSMo.1978. The trial court's instruction was appropriate and did not mislead the jury. MAI–CR 2.60; §§ 558.-016 and 558.021, RSMo.1978; see, *State v. Hunter*, 586 S.W.2d 345, 348 (Mo.banc 1979).

Finally, defendant seeks review of the sentencing procedure by which defendant was deemed a "persistent offender" under §§ 558.016 and 558.021. The trial court made this determination after taking judicial notice of its own records. Defendant now complains that there was insufficient proof of the prior convictions required under § 558.016 to classify him as a "persistent offender." We disagree.

Defendant's point was not properly preserved for review necessitating resort to the "plain error" rule. Rule 27.20(c); *State v. Warren*, 579 S.W.2d 723, 727 (Mo.App.1979); *State v. Gormon*, 584 S.W.2d 420, 424 (Mo. App.1979). We find no manifest injustice nor miscarriage of justice in the enhancement of defendant's punishment based upon the trial court's review of its own record. See, *Hurse v. State*, 527 S.W.2d 34, 36 (Mo.

App.1975); *State v. Wynn*, 391 S.W.2d 245, 247 (Mo.1965).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.