STATE of Missouri, Respondent,

v.

Ollie WILLIAMS, Appellant.

No. 43054.

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1981.

Rehearing Denied Aug. 6, 1981.

Joseph W. Downey, Linda Murphy, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a conviction of burglary second degree, in violation of § 569.170, RSMo. 1978 for which he was sentenced to a fifty-four (54) month term of imprisonment as a "persistent offender." We affirm.

On September 29, 1979, defendant and co-burglar gained entry to a service station by prying open a window. Although the co-burglar surrendered immediately upon being observed by a police officer, defendant made an unsuccessful attempt to escape. At trial, a jury found defendant guilty of burglary second degree and assessed punishment at two (2) years in the Department of Corrections. The trial court determined that defendant was a "persistent offender" within the meaning of § 558.-016.2, RSMo. 1978 and sentenced him to a fifty-four (54) month term of imprisonment. Sections 558.016.4 and 558.021, RSMo. 1978.

Defendant complains that the trial court erred in giving the jury an instruction, MAI–CR.2d 2.60, which states in pertinent part:

> ... the court may, under the law, sentence the defendant to ...
>
> 1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict ...

We find no error. MAI–CR.2d 2.60 was a mandatory instruction and the trial court was, therefore, required to give it to the jury. MAI–CR.2d 2.60, Note on Use 2; *State v. Grady,* 577 S.W.2d 930, 931 (Mo. App. 1979); *State v. Lomack,* 586 S.W.2d 90, 94 (Mo.App. 1979). Pursuant to their instructions, the jury assessed punishment at two (2) years. Despite the fact that defendant was ultimately sentenced to fifty-four (54) months, the jury was not misled on any issue of substantive law. See, *State v. Hunter,* 586 S.W.2d 345, 348 (Mo.banc 1979). The trial court did not err either in giving the jury MAI–CR.2d 2.60 or in sentencing defendant, as a "persistent offender," to fifty-four (54) months. MAI–CR.2d 2.60; §§ 558.016 and 558.021, RSMo. 1978.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.