**STATE of Missouri, Respondent,**

v.

**Andrew NICHOLS, Appellant.**

**No. 43482.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

William J. Shaw, Public Defender, Robert A. Cosentino, Asst. Public Defender, Clayton, T. Patrick Deaton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury verdict which found him guilty of stealing property of a value of at least one hundred fifty dollars in violation of § 570.030, RSMo. 1978 and sentenced him to five years in the Department of Corrections. The trial court, in view of defendant's five previous felony convictions, found him to be a persistent offender under § 558.016, RSMo. 1980 and sentenced him to thirteen years in the Department of Corrections. We affirm.

On August 17, 1979, defendant inquired at the Overland Venture Store about obtaining some boxes to use in moving. During the process of assembling boxes, he took a bundle of dresses from the women's ready-to-wear department and put them into one of the boxes. Defendant then put the boxes on a cart and pushed it through the front doors of the store, where he was apprehended by Venture Security personnel.

The trial court submitted eleven instructions to the jury. Defendant asserts that the court erred in two of its submissions.

Defendant first complains of Instruction Number 6, the state's verdict directing instruction on stealing without consent. The instruction conformed to MAI–CR.2d 24.02.-1. Defendant contends that since Number 6 only informed the jury of the terms of imprisonment to which it could sentence him and failed to instruct the jury that the crime charged was punishable by a fine not to exceed $5,000.00 under § 560.011, he was denied a jury which was fully informed on the law of the case.

It is true that a defendant has the right to have the jury accurately and completely instructed as to the different penalties that might be meted out. *State v. Hanson*, 587 S.W.2d 895, 901 (Mo.App. 1979). This does not mean, however, that the jury must be given the power to assess those various punishments. It is not constitutionally necessary that the defendant's penalty be dispensed by the jury. *State v. Simpson*, 610 S.W.2d 75, 78 (Mo.App. 1981).

Here, Number 6 fully informed the jury as to its power to sentence the defendant to imprisonment. This was all that was required under MAI–CR.2d 24.02.1. It was left to Instruction Number 9, patterned after MAI–CR.2d 2.60, to tell the jury if it returned a guilty verdict, the court had the power to impose a fine in lieu of or in addition to any sentence.

It was not necessary for the trial court to modify MAI–CR.2d 24.02.1 in order to inform the jury as to what the court may do if a guilty verdict was returned. Number 6

needed only to tell the jury what its members were empowered to do. It did precisely that. Number 9, by communicating to the jury the possible actions to be taken by the court after a guilty verdict was returned, satisfied the need to inform the jury as to the effect of its actions. Since Number 6 told the jury what it could do, and Number 9 informed them as to what the court could do, the jury was properly instructed. The submission of Instruction Number 6, based upon MAI–CR.2d 24.02.1 was not error.

Defendant also challenges the submission of Instruction Number 9 in that it led the jury to believe that it would set the maximum term of imprisonment to be served. According to defendant, the jury could have compromised on the issue of defendant's guilt under the mistaken belief that the five year sentence which it returned would be the maximum he would serve. If the members of the jury had known that the court would sentence defendant to thirteen years under the persistent offender statute, they might not have found him guilty, or so says defendant.

Our Supreme Court responded to defendant's assertions in *State v. Hunter*, 586 S.W.2d 345, 348 (Mo.banc 1979):

> While it may be within reason that a jury might consider the punishment concurrently with guilt, such reasoning does not compel the conclusion that a jury would decide to convict on a felony submission, not on the basis of guilt, but on the basis that it could control the assessment of punishment ... [A] jury is presumed to have followed the court's instructions.

Here, there is no basis to suppose anything but that the jury was persuaded beyond a reasonable doubt that defendant was guilty. The mere fact that the jury arrived at a sentence of five years when Instruction Number 6 offered it a range of one day to seven years gives little indication of compromise. This court cannot conclude prejudice to defendant on a foundation of mere conjecture. To do so would have us believe the jury not only disregarded the instruction, but concentrated on punishment rather than guilt. *State v. Hunter, supra.* The submission of Instruction Number 9 by the trial court was not error.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.