STATE of Missouri, Respondent,

v.

Dwight G. ALLEN, Appellant.

No. 43409.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Joseph W. Downey, Kevin C. Curran, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from convictions of burglary in the second degree § 558.011.1(3), RSMo. 1978, and assault first degree, § 565.050, RSMo. 1978. We affirm.

On March 22, 1980, defendant entered the apartment-residence of George Harris in the City of St. Louis, Missouri. Upon being observed by Mr. Harris' neighbors, defendant fled the apartment, stopping only to exchange gunfire with one neighbor. Defendant was apprehended a short time later and charged, as a persistent offender, with burglary second degree and assault first degree.

At trial, on July 23, 1980, defendant testified that he was drinking beer with a friend when he began to feel funny. His last recollection, before being thrown into a police wagon, was entering a car outside his friend's home sometime prior to the burglary and assault. The jury was instructed on voluntary and involuntary intoxication but returned a verdict of guilty to burglary second degree and assault first degree and assessed punishment at five and ten year terms of imprisonment, respectively. Following the procedures outlined in § 558.021, RSMo. 1978, the trial court found defendant to be a persistent offender within the meaning of § 558.016, RSMo. 1978. Defendant was sentenced by the court to fif-teen years for burglary second degree and eighteen years for assault first degree. These sentences to run concurrently. Defendant appeals.

Defendant's sole assignation of error is that the trial court erred in giving pattern jury instruction MAI–CR.2d 2.60 which states, in pertinent part:

... the court may, under the law, sentence the defendant to either:

1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, ...

We disagree. MAI–CR.2d 2.60 was mandatory. MAI–CR.2d 2.60, Note on Use 2; *State v. Grady*, 577 S.W.2d 930, 931 (Mo. App.1979). The trial court properly followed the procedures outlined in §§ 558.016 and 558.021. No error resulted since the jury was not misled on any issue of substantive law. *See, State v. Hunter*, 586 S.W.2d 345, 348 (Mo.banc 1979).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.