**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Lamont WASHINGTON,**
**Defendant-Appellant.**

**No. 43638.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Kevin C. Curran, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

A jury found appellant guilty of assault in the second degree, § 565.060, RSMo 1978. The trial court entered a judgment of conviction upon the verdict and imposed a sentence of imprisonment for five years. Appellant challenges an instruction based upon MAI–CR 2.60 submitted to the jury, and the verdict returned by the jury. Appellant's conviction and sentence are affirmed.

Appellant's conviction was based upon evidence appellant shot William Jones in a bar where Jones worked as a bartender. A few days before Jones was shot, Jones had put appellant's wife out of the bar. Appellant testified he went to the bar on the night of the shooting to discuss the matter of his wife with Jones. Appellant admitted he shot Jones, but said he did so after Jones took a gun from the cash register. Jones denied having a gun and testified that just before appellant shot him he, Jones, had turned away from the cash register after making change for the cigarette machine. No issue was raised concerning the sufficiency of the evidence.

At the heart of appellant's appeal is appellant's complaint that an instruction based upon MAI–CR 2.60 was submitted to the jury which advised the jury the court could sentence appellant to "[i]mprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict." [1]

Appellant contends the trial court erred in submitting an instruction based upon MAI–CR 2.60 to the jury because appellant was charged as a persistent offender, § 558.016, RSMo. Supp.1980, and because MAI–CR 2.60 misled the jury to believe the sentence assessed by the jury would be imposed. This contention has been ruled adversely to appellant's position in other recent cases. *State v. Williams,* 620 S.W.2d 399 (Mo.App.1981); *State v. Gilliam,* 618 S.W.2d 733, 734[2] (Mo.App.1981). Appellant cannot prevail upon this point.

Appellant also contends the trial court erred in accepting the jury's verdict finding appellant guilty of second degree assault and assessing punishment of imprisonment "not less than 2 years and not to exceed five years" because the verdict was indeter-

1. The instruction provided, in full:
"INSTRUCTION NO. 9
You are further instructed that if you find the defendant guilty of Assault in the Second Degree as submitted in Instruction No. 7, the court may, under the law, sentence the defendant to either:
1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or
3. Both such imprisonment and the payment of such a fine.
In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you."

minate.[2] This point is also ruled against appellant.

■ If the jury returns a verdict assessing an indefinite sentence the trial court may accept the verdict assessing the indeterminate sentence and assess and declare the punishment itself. *State v. Starks*, 459 S.W.2d 249, 253[8, 9] (Mo.1970) ("for a term not exceeding one year"); *accord State v. Brown*, 607 S.W.2d 813, 814[2] (Mo.App. 1980). In the case under review the trial court accepted the verdict and then assessed the punishment, as procedure approved in *State v. Starks, supra,* and mandated in Rule 29.03.

Appellant cites *State v. Sumpter,* 335 Mo. 620, 73 S.W.2d 760, 762–764[4, 5] (1934), in support of appellant's position the trial court cannot usurp the jury's province and fix punishment if the trial court's instruction or failure to instruct leads the jury to fix the wrong punishment. Appellant contends the trial court improperly gave an instruction based upon MAI–CR 2.60 which led the jury to assess an indeterminate sentence. The trial court's instruction based on MAI–CR 2.60 was not improper, however. *State v. Williams, supra; State v. Gilliam, supra.* Therefore, *State v. Sumpter, supra,* is not to the point.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**2.** The state has suggested appellant's contention was not preserved because no objection was made to the verdict at trial. Research disclosed rather an old case which would be supportive of the state's contention. *State v. Levan,* 306 Mo. 507, 267 S.W. 935, 937[4] (1924), would indicate an objection to the verdict made after it is accepted by the trial court is untimely. Nonetheless, Rule 28.03 would suggest the contrary conclusion that an objection to the verdict could be made at trial or in the motion for new trial. Rule 28.03 provides specific objections to given or refused instructions or verdict forms shall be made on the record at the time of trial or in the motion for new trial. Appellant did challenge the verdict in his motion for new trial.