**STATE of Missouri, Respondent,**

v.

**Stanley BAILEY, Appellant.**

**No. 43267.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of burglary in the second degree. § 569.170 RSMo. 1978. The jury assessed punishment at three years in the Division of Corrections. Defendant was charged as a persistent offender, and the court enhanced punishment by an additional five years under § 558.016 RSMo.

On appeal, defendant first contends that the trial court erred when it overruled defense objections to testimony relating to the burglary of a garage in the 4600 block of Arsenal, a crime with which defendant was not charged.

The substitute information in the case charged "that the defendant, acting with others, knowingly entered unlawfully in a building located at 3141 Portis and owned by David Treloggen...." The state used as its principal witnesses two St. Louis policemen, Officers Zipf and Hurst, who had stopped defendant for driving his vehicle the wrong direction on a one-way street.

At the time the officers initially spotted the violation, two other men were inside the vehicle with defendant. Upon pursuit by the officers, however, defendant accelerated and made a series of turns down several alleys. During the pursuit, the officers momentarily lost visual contact with defendant's vehicle, and when defendant finally pulled over in the second alley, the officers found him alone in the vehicle. While questioning defendant, the officers observed several toolboxes in the back seat which defendant said belonged to his uncle. Officer Zipf noticed that a clip on one of the boxes held a violation notice from the Division of Health made out to David Treloggen of 3141 Portis. This address was only three blocks from where the officers had stopped defendant and just a "short block" from where they had first observed the vehicle. The officers took defendant to 3141 Portis for further investigation where they discovered that the garage had been broken into. The owner, Treloggen, arrived shortly thereafter and identified the toolboxes in the back seat of defendant's vehicle as his.

At trial Officer Zipf testified that defendant then made a statement to the officers: "[H]e stated that he was driving two subjects that were in the car with him by the name of Billy McCullum and ... Scot McCabe, ... and that they were driving around about the neighborhood up and down the alleys looking for garages to break into and that McCabe and McCullum would get out of the car and he would park up the alley and McCabe and McCullum would look in these garages and then they would come back to the car with the tool boxes." Officer Zipf further testified that defendant "also stated that he broke into another garage—" Defense counsel, however, objected to the latter testimony as irrelevant. The trial court overruled the objection and permitted the witness to continue: "They also stated they went to another garage in the 4600 block of Arsenal where they broke into. (sic) However, they broke into the garage but couldn't find anything to take." Officer Hurst then took the stand and testified to substantially the same set of facts. The trial court admitted a photograph of the door with the broken lock at the 4600 Arsenal garage into evidence without objection. Defense counsel questioned both officers extensively about the Arsenal garage scene.

Defendant contends the court erred in overruling his objection because the testimony concerning the garage in the 4600 block of Arsenal was evidence of another crime and was irrelevant and prejudicial.

■ Ordinarily, evidence of other crimes is inadmissible. The rule permits exceptions, however, where the evidence "tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged ..." *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954).

■ Evidence that defendant knew of other break-ins by McCullum and McCabe while he drove the car was admissible to show that he knew that their acts were criminal and that the property they brought back to the vehicle was stolen.[1] Consequently, the trial court properly admitted the evidence as proof of defendant's intent requisite to the crime with which he was charged. In any event, prior to the allegedly objectionable testimony, the witness had already testified to defendant's earlier, general admission that he and his two passengers had been cruising the neighborhood looking for garages to burglarize and that "McCabe and McCullum would look in these

---

1. At the instruction conference defense counsel argued:

The defense position is that this man did not know during or before the commission of the burglary that these two individuals were going to commit the burglary and that he only knew after they fled from the car seeing the police and that he put two and two together and that his only knowledge that they had committed—his intent or knowledge of their actions came after they fled from the scene, which was after the commission of the burglary.

garages and then they would come back to the car with the tool boxes ..." Defense counsel failed to object to this testimony. Therefore, even had the allegedly objectionable testimony not been relevant, in light of this record, we could find no prejudice in the trial court's ruling.

 Defendant's second contention is that the trial court erred in giving Instruction No. 12, M.A.I. CR.2d 2.60, because the instruction misinforms the jury as to its role in assessing punishment in a "persistent offender" case. This same complaint was asserted in *State v. Johnson*, 615 S.W.2d 450 (Mo.App.1981). In that case, we determined that the trial court had not erred in giving the required instruction. *State v. Johnson* controls here.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.