**STATE of Missouri, Respondent,**

v.

**Eugene SUMMERHILL, Appellant,**

**No. 43623.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1982.

John Putzel, Asst. Public Defender, Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George A. Peach, St. Louis, for respondent.

CRIST, Judge.

Defendant was found guilty by a jury of stealing forty-three cents from the person of Edsel Wright. The jury assessed punishment at two years imprisonment, but the trial judge found defendant to be a persistent offender and enhanced punishment to ten years imprisonment. Defendant asserts instructional error regarding punishment. We affirm.

Edsel Wright was waiting for a bus when defendant placed his hand on Wright's shoulder and asked for money. When Wright advised defendant he couldn't help, defendant snatched from Wright's hand a coin purse containing forty-three cents. Defendant walked away after returning the coin purse to Wright.

Defendant argues the trial court erred in giving jury instruction MAI–CR 2d 2.60, for the reason the instruction affirmatively misled the jury by stating that the court could sentence the defendant to a term "not to exceed the term assessed as declared by the jury."

The instruction complained of is as follows:

You are further instructed that if you find the defendant guilty of Stealing Without Consent, as submitted in Instruction No. 5, the court may, under the law, sentence the defendant to either:

1. *Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict,* or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such a fine.

In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you. (Emphasis added.)

The giving of MAI–CR 2d 2.60 was mandatory. This holding is controlled by *State v. Johnson*, 615 S.W.2d 450 (Mo.App.1981) and *State v. Williams*, 620 S.W.2d 399 (Mo. App.1981).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.