**STATE of Missouri, Respondent,**

v.

**Dewey J. SHEPHERD, Appellant.**

**No. 31728.**

Missouri Court of Appeals,
Western District.

April 6, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

Application to Transfer Denied June 14, 1982.

Peter N. Sterling, Acting Public Defender and Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen. and Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant was convicted by a jury of the offense of stealing without consent in violation of § 570.030.[1] The jury assessed punishment at seven years imprisonment. The court found defendant to be a persistent offender within the meaning of § 558.016 and enhanced the sentence from the term recommended by the jury to a total of ten years imprisonment.

Defendant relies on four points in which he argues: (1) the instructions submitted by the court were defective for failing to give the jury the option of assessing a fine in lieu of, or in addition to, a term of imprisonment; (2) there existed a fatal variance between the dates of defendant's prior convictions as alleged in the amended information and the dates as established by the state's proof; (3) the court failed to make "specific findings" as to the existence of a basis for an enhanced sentence; and (4) the court erred in submitting Instruction No. 6, based upon MAI–CR2d 2.60, in that it led the jury to believe that they would set the maximum term of imprisonment to be served, not the court.

---

1.  Statutory references are to RSMo 1978.

Defendant presents no challenge to the sufficiency of the evidence, so a lengthy recitation of the facts is unnecessary. The evidence shows that on February 20, 1979, Larry Dennis left his automobile with the Isom Brothers Polish Shop in Kansas City, Missouri, to be cleaned. Defendant, an employee of the shop on that date, was that evening seen driving the Dennis automobile out of the shop without permission. One month later, defendant and two other persons were stopped for speeding in the same vehicle on Interstate 35 in Davies County, Missouri. Upon determining that the vehicle was stolen, a patrolman placed defendant under arrest and escorted him to a sheriff's office where he confessed to stealing the vehicle.

■ Defendant first charges as error the submission to the jury of verdict directing Instruction No. 5 and Instruction No. 6, because, he urges, these instructions failed to inform the jury as to the full range of authorized punishment. Verdict directing Instruction No. 5 (MAI–CR2d 24.02.1) informed the jury as to the range of punishment it could assess in the form of imprisonment, but said nothing about a fine. Instruction No. 6 (MAI–CR2d 2.60) further informed the jury that upon a finding of guilt the court could sentence defendant to a term of imprisonment not to exceed that assessed by the jury, the payment of a fine in accordance with applicable statutes, or both a term of imprisonment and payment of a fine.

Defendant alleges that the failure of the pattern instructions to inform the jury that the statutes authorize a fine or a combination of a fine and a term of imprisonment prevented "the jury from assessing and declaring a fine or a fine and a term of imprisonment as the punishment in their verdict." Defendant bases his argument upon § 557.036.2, which requires the trial court to instruct the jury "as to the range

of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as part of their verdict."

This precise issue has been considered and rejected in *State v. Van Horn*, 625 S.W.2d 874·(Mo.1981), wherein the court declared that the above-quoted language of § 557.-036.2 "must necessarily refer only to the punishment which the jury is authorized by statute to determine and declare," *i.e.* a term of imprisonment. *Id.* at 877. Therefore, it is not required that the jury be instructed that it could recommend a fine, as only the trial court, and not the jury, is empowered by statute to assess a fine in lieu of, or in addition to, a term of imprisonment. *Id.* at 878.[2] It is clear from *Van Horn* that defendant cannot prevail upon his first assignment of error.

Defendant next argues that the trial court was precluded from enhancing his sentence as a persistent offender pursuant to § 558.016 because of a variance between the dates of defendant's prior convictions as alleged in the amended information and the dates established at the sentencing hearing. This argument is without merit, as it is based upon a misreading of the exhibits introduced by the state which established defendant's prior convictions.

The amended information alleged that on January 20, 1964, defendant pleaded guilty to a charge of forgery and was sentenced to three years imprisonment, and that on January 30, 1964, defendant pleaded guilty to a charge of burglary in the second degree and was sentenced to three years imprisonment. At the sentencing hearing, the trial court received into evidence copies of judgments which reflected that defendant had in fact been convicted on January 30, 1964, of the felonies as alleged in the amended information.

In arguing that his prior convictions occurred on January 16, rather than January

---

2. In *Van Horn* the court noted that "[t]he provisions in § 557.036 that the court shall instruct the jury as to the 'range of punishment' and that the jury shall 'assess and declare the punishment . . . are in conflict,'" but said that it was obvious the legislature intended the court to have the option to substitute its judgment for the jury's "recommendation". Recognizing this conflict, the court proposed a modification of MAI–CR2d 2.60 which it suggested should be used until the patterned instruction was modified. 625 S.W.2d at 877–878.

30, 1964, defendant has simply misread the state's exhibits, in particular the first line of each, which reads as follows:

"BE IT REMEMBERED, that on this, the 30th day of January, 1964, the same being the 16th day of the regular January Term, 1964...."

The exhibits received by the trial court clearly show that defendant's prior convictions were entered on January 30, 1964, the same date alleged in the amended information, so that the trial court did not err in imposing an extended sentence.

Defendant's third point is that the trial court erred in imposing "an extended term of imprisonment without first making specific findings of the existence of the basis for such an extended term." Section 558.016.1 empowers the trial court to sentence defendant to an extended term of imprisonment if he is found to be a "persistent offender." A "persistent offender" is defined by § 558.016.2 as an individual "who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." The version of § 558.-021.1 in effect at the time of trial [3] provides that the court "shall not impose an extended term under § 558.016 unless"

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty or a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court with full rights of confrontation and cross-examination, and with the defendant having the opportunity to present evidence; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect.

It is clear that the requirements of subsections (1) and (2) have been met. Defendant has not challenged the existence or validity of the two prior felony convictions, copies of which were received into evidence at the sentencing hearing. Defendant's argument relates solely to the sufficiency of the court's "specific findings" concerning the applicability of the provisions of § 558.-016 allowing an extended sentence.

Following the state's tender of copies of defendant's prior convictions, the court stated:

"The exhibits are received. The Court does find that the Defendant is a persistent offender within the meaning of Section 558.016 of the statutes, and entitled to treatment as such."

Defendant's assertion that the trial court did not comply with the procedural requirements of § 558.021.1(3) is well taken, but due to defendant's failure to object below to the lack of more detailed findings, review may only be had for plain error pursuant to Rule 29.12(b). The clear statutory mandate that the trial court's conclusory determination that the defendant is a persistent offender, *State v. Thompson*, 629 S.W.2d 369 (Mo. banc 1982) (Mo. 63325, decided March 9, 1982), at [629 S.W.2d 361 (Mo.App.1981) adopted by the Missouri Supreme Court] at pp. 368–369 of the opinion, but such a deficiency does not inexorably result in "manifest injustice or a miscarriage of justice." *State v. Moland*, 626 S.W.2d 368, 372–373 (Mo.1982).

---

**3.** Section 558.021 has subsequently been amended (RSMo Supp. 1981) so that subsection 1 now reads as follows:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

The removal from subdivision (3) of language requiring "specific findings" would indicate that the issue related raised in the present case will be of limited importance in the future.

■ The record shows that the trial court had before it unassailable evidence of defendant's prior convictions, thus firmly establishing the basis for the trial court's conclusion that defendant was a "persistent offender [and] entitled to treatment as such." Also of importance for satisfying due process concerns inherent in such extended term proceedings is the fact that under subdivision (2) of subsection 1 of § 558.021, defendant was accorded the opportunity to controvert the evidence of his prior offenses. *See Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). The trial court complied with the first requirement of subdivision (3) of § 558.021.1 that it determine the existence of the basis for an extended term; the court simply failed to take the next step and recite the prior convictions which formed the basis for its determination. Noncompliance by the trial court with this latter portion of subsection (3), although not in strict compliance with the statute, does not ascend to the level of plain error.

■ Defendant's final complaint centers on the giving of pattern instruction MAI–CR2d 2.60, which states that if the jury finds the defendant guilty, the court may sentence the defendant to:

"1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict . . . ."

Defendant argues that since he was exposed to an enhanced sentence by virtue of being charged as a persistent offender, it was error to submit MAI–CR2d 2.60 because the instruction improperly told the jury "it could do something it could not do and the trial court could not do something it could do." Defendant's point fails for two reasons.

First, Paragraph 2 of the Notes on Use for MAI–CR2d 2.60 mandates the trial court to submit the instruction in the form that it did, so that failure to give the instruction would have been error. *State v. Johnson,* 615 S.W.2d 450, 451 (Mo.App. 1981). Second, even though it is arguable in a persistent offender case that a jury

might, after reading MAI–CR2d 2.60, assume that the trial court could not impose a sentence in excess of the jury's recommendation, the giving of MAI–CR2d 2.60 does not result in prejudice to the defendant nor does it mislead the jury on any issue of substantive law. *State v. Van Horn, supra,* at 878; *State v. Hunter,* 586 S.W.2d 345, 348–349 (Mo. banc 1979); *Johnson, supra,* at 451–452; also *State v. Nichols,* 624 S.W.2d 109–111 (Mo.App.1981); *State v. Allen,* 622 S.W.2d 799, 800 (Mo.App.1981). As noted in *Johnson,* the instruction is not necessarily misleading at the time of its submission, since the court might have subsequently found the defendant *not* to be a persistent offender, in which case its sentence would not have exceeded the jury's assessment. *Id.* at 451. Defendant has failed to show how the giving of instruction was prejudicial in any manner, so we follow the reasoning of the foregoing cases in finding no error in its submission.

Judgment affirmed.

All concur.