**STATE of Missouri, Respondent,**

v.

**Booker Thomas HARRELL, Appellant.**

**No. 44354.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

William Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction of stealing over $150.00, a violation of § 570.-030 RSMo. 1978. The jury assessed his punishment at five months imprisonment. The court found defendant to be a persistent offender under § 558.016 RSMo. 1978, with a record of four prior felony convictions and sentenced him to a term of five years with the Department of Corrections.

---

On May 9, 1980, a Famous Barr security officer observed defendant remove forty one gold chains from a jewelry counter stand and place them in his pants. After he left the store without paying for them, he was arrested.

At his trial, the court gave two instructions which defendant asserts were erroneous. Instruction No. 4, modeled after MAI–CR2d 24.02.1, stated the range of punishment options available to the jury upon finding the defendant guilty of stealing over $150.00. The court also gave Instruction No. 8, modeled after MAI–CR2d 2.60, which provided that, "if you find defendant guilty of stealing without consent . . . the court may . . . sentence the defendant to either: 1) imprisonment for a term fixed by the court, *but not to exceed the term assessed and declared by the jury in its verdict.*" (emphasis added).

As his sole point on appeal, defendant alleges it was error to submit an instruction which told the jury that the court could not impose a "sentence to exceed the term assessed and declared by the jury" when in fact under the persistent offender statutes, §§ 558.016 and 558.021, the court could disregard the jury's verdict and sentence the defendant to an extended term of imprisonment.

This precise issue has already been addressed and ruled adversely to defendant. *See, State v. Nichols,* 624 S.W.2d 109 (Mo. App.1981); and *State v. Johnson,* 615 S.W.2d 450 (Mo.App.1981). The court committed no error in submitting these two instructions to the jury.

Affirmed.

SNYDER and CRIST, JJ., concur.