STATE of Missouri, Plaintiff-Respondent,

v.

**Mitchell GADBERRY,
Defendant-Appellant.**

No. 44173.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Robert Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Phillip Kavanaugh, St. Louis, for respondent.

KELLY, Chief Judge.

Mitchell Gadberry, hereinafter "appellant", appeals his conviction of Assault First Degree, § 565.050 RSMo. 1978,[1] in the Circuit Court of the City of St. Louis and the sentence of 30 years in the custody of the Missouri Department of Corrections, § 558.011.1(1).

On appeal no attack is made on the sufficiency of the evidence to support the jury verdict; therefore, it is sufficient for purposes of disposition of this appeal to set out

1. All statutory references are to RSMo. 1978 unless otherwise noted.

a brief statement of the evidence supporting the verdict of the jury.

The state's evidence supports a jury finding that appellant, sometime early on the morning of June 7, 1980, inflicted powder burns of the chest and a flesh wound of the upper arm on a detective of the Metropolitan St. Louis Police Department when appellant's handgun discharged.

Two Points are presented to this Court as grounds for reversing the judgment of the trial court.

Appellant's first Point Relied On is that the trial court erred in refusing to grant his motion for mistrial after the state cross-examined him about alleged prior acts of crime or misconduct because the question was inherently prejudicial to the appellant and deprived him of a fair trial.

This Point, as stated by appellant, preserves nothing for review. While it states the ruling of the court sought to be reviewed it does not state with particularity why cross-examination concerning these "alleged prior acts of crime or misconduct" was inherently prejudicial to appellant and why they deprived him of a fair trial. Rule 84.04(d).

Nevertheless, a reading of the argument section of appellant's brief informs us that this Point is directed at cross-examination relative to whether appellant knew that the gun he had at the time of this occurrence was a gun he had purchased knowing that it had been stolen.

The transcript demonstrates that appellant was permitted to answer "No" to this question without objection and no objection was lodged until a second question, concerning whether at the time of purchase the serial number of the gun had been filed off, was propounded and answered. At this juncture, appellant's counsel moved for a mistrial, or, in the alternative, an instruction that the jury "disregard this garbage about a stolen gun", and a request that the trial court censure the prosecutor "for approaching it this way."

■ Objections to the admissibility of evidence must be both timely, State v. Boyd, 600 S.W.2d 97, 99[4] (Mo.App.1980) and specific, and must give valid reasons so that the trial court is afforded an opportunity to rule on the point. State v. Hurst, 612 S.W.2d 846, 855[27] (Mo.App.1981). Furthermore, the point raised on appeal must be based upon the theory of the objection made at trial. State v. Lang, 515 S.W.2d 507, 511[8] (Mo.1974); State v. Byrnes, 619 S.W.2d 791, 793[5] (Mo.App.1981).

■ The objection at trial was neither timely nor specific, and the point raised on appeal, except as clarified and explained in the argument section of appellant's brief, does not, as we have noted hereinabove, satisfy the requisites of Rule 84.04(d). A further basis for our holding is that appellant violates the rule of Lang and Byrnes in that he attempts to have reviewed on appeal a point not properly preserved in the trial court.

We rule this point against appellant.

■ Although appellant contends in his second Point Relied On that the trial court erred in submitting to the jury a number of instructions he has failed to preserve this Point for review.

During the instruction conference appellant's counsel objected "generally" to the instructions and stated to the trial court that if it became necessary that he file a Motion for New Trial he would make more specific objections at that time.

Paragraph 8 of appellant's Motion for New Trial is: "That the Learned Trial Court erred in giving instructions denoted 1) MAI CR 19.04.2 modified by 2.12 and 2.05, 2) MAI CR 2.60, 3) MAI CR 33.01, 4) MAI CR 19.02 modified by 2.12, in that individually and taken together said instructions improperly state the law, comment upon the evidence, invade the province of the fact finder (the jury) and confuse and mislead the jury."[2]

2. The copies of the instructions provided to the trial court and included in the Legal File do not comply with Rule 28.02(b) in that they do not contain a notation identifying the instructions

Such a statement in a Motion for New Trial satisfies the requirements of neither Rule 29.11(d) that any specific objections to the giving of instructions which were not made at trial before submission to the jury must be set forth in the motion for new trial to preserve the error for review, nor Rule 28.03 that specific objections to given instructions are required in motions for new trial unless made on the record at the time of trial. *State v. Martin,* 620 S.W.2d 54[1] (Mo.App.1981).

A bald statement of conclusion of the kind we have here serves no purpose and lacks the specificity demanded by Rules 28.-03 and 29.11(d) to preserve for review alleged instructional error. *State v. Ward,* 518 S.W.2d 333, 334[1] (Mo.App.1975). See cases under 9B Mo. Digest Criminal Law 1064(7).

Appellant also failed to comply with the requirement of Rule 30.06(e) that where a point relates to the giving of an instruction the instruction must be set forth in full in the argument portion of the brief. Of the four instructions appellant complains only MAI–CR 2d 2.60, concerning range of punishment, is set forth in the argument portion of Appellant's brief in support of this Point.

█ Appellant's argument is that MAI–CR 2d 2.60 misdirects the jury in that it instructs the jury that if it finds the defendant guilty the court may sentence the defendant to a term of imprisonment "not to exceed the term assessed by the jury in its verdict", whereas, by reason of § 557.036 the trial court is authorized to fix a term of imprisonment in excess of that declared by the jury if the term declared by the jury is less than the lowest term authorized for the offense, or if the defendant is a persistent or dangerous offender. According to appellant it is not possible to be certain that had the jury been informed of the provision of § 557.036 that the trial court could in those instances impose a term of imprisonment in excess of that declared by the jury, it might have fixed a lesser sentence and thereby appellant was prejudiced.

We hold that the trial court did not err in submitting to the jury MAI–CR 2d 2.60 in this case. The verdict directing instruction submitted, in the alternative, assault in the first degree, assault in the second degree and assault in the third degree. The Notes On Use for MAI–CR 2d 2.60 require that the instruction be given in connection with the submission of each count in every case in which the Court submits at least one Class C or D felony or one Class A, B or C misdemeanor.

Second degree assault is a Class D felony, § 565.060.3. Third degree assault is a Class A or C misdemeanor, § 565.070.2.

The failure of the trial court to submit MAI–CR 2d 2.60 would have been error.

The submission of this instruction, despite the admission that it may have misled the jury as to its power to assess punishment, was upheld in *State v. Hunter,* 586 S.W.2d 345, 346 (Mo. banc 1979), where a jury found appellant guilty of stealing property of a value of $50.00 or more, a felony, and assessed his punishment at confinement for one year in the St. Louis Medium Security Institution but the trial court, acting under the provisions of the Second Offender Act,[3] sentenced him to imprisonment for a term of five years.

During the course of trial in that case the only contested factual issue before the jury was the value of the stolen property—some lengths of pipe—and whether appellant was guilty of a felony or a misdemeanor. On appeal he argued that the inclusion of the range of punishment in the felony instruction misled the jury to believe he would serve only the time it assessed and that such deception denied him a right to a trial by jury on the issue of guilt and had the jury known that the judge could increase the sentence upon conviction of the felony it might have convicted him of the misde-

---

as required by said rule. Appellant in their Point Relied On should have cited to MAI–CR 2d.

3. The Second Offender Act, § 556.280, RSMo 1969, was repealed as shown at p. 662, Laws of Missouri, 1977.

meanor and have thus tied the hands of the trial court.

The court discarded appellant's argument on the grounds that under the trial court's instructions the jury initially had to decide the question whether he was guilty of a felony or misdemeanor before considering the range of punishment, and the jury did this; therefore he was not prejudiced.

This instruction has also been upheld in a series of opinions where, after a finding of guilt and declaration of punishment by a jury, a trial court has enhanced the punishment upon a finding that the defendant was a persistent offender. §§ 558.016 and 558.021. In those cases the attack levelled against the instruction was that it misdirected or perpetrated a fraud upon the jury in causing it to believe that the trial court could not impose a sentence on the defendant which would exceed the term assessed and declared by the jury in its verdict.[4]

We are not here faced with the same question presented in those cases because in this case there was no pleading nor finding that appellant was a "persistent offender" and the sentence declared by the jury in its verdict was not thereby enhanced. The sentence imposed by the trial court in this case—thirty years imprisonment—is the same sentence as that declared by the jury in its verdict. If the giving of this instruction in those cases where the sentence declared by a jury was enhanced upon a finding that the defendant was a "persistent offender" does not constitute error, it is difficult to conceive that in a case like the one for decision, where the defendant was sentenced to the same term of imprisonment as that assessed by the jury in its verdict, the giving of this instruction would prejudice the appellant.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

4. *State v. Seltzer,* 629 S.W.2d 458 (Mo.App. 1981); *State v. Summerhill,* 628 S.W.2d 951 (Mo.App.1982); *State v. Bailey,* 625 S.W.2d 179 (Mo.App.1981); *State v. Allen,* 622 S.W.2d

799 (Mo.App.1981); *State v. Dennis,* 622 S.W.2d 404 (Mo.App.1981); and *State v. Buckner,* 620 S.W.2d 410 (Mo.App.1981).