**STATE of Missouri, Respondent,**

v.

**Bobby R. ESTES, Appellant.**

**No. WD 39565.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

GAITAN, Judge.

Appellant, Bobby R. Estes, was charged and found guilty as a result of a trial by jury of the sale of diazepam, a controlled substance, in violation of § 195.240, RSMo 1986. He was fined $1,000. He appeals his conviction and the fine alleging the trial court erred as a matter of law by failing to sustain his objection to the drug investigation that led to his arrest because it was in violation of § 43.380, RSMo 1986 which mandates how the Missouri Highway Patrol may be called into a drug investigation. We affirm.

This appeal is based solely on the appellant's motion to dismiss which was overruled by the trial court. The appellant alleges that the information should be dismissed because the undercover drug investigation conducted by Missouri Highway

Patrol Trooper L.N. Gregory was in violation of §§ 43.025 and 43.380, RSMo 1986. Specifically, the appellant alleged that the investigation was initiated and requested by Police Detective Billingsley who was not entitled by law to request an investigation.

The appellant called as a witness Missouri State Highway Patrol Trooper Gregory. Trooper Gregory testified that, on or about August 30, 1986, he was ordered to initiate a drug investigation in the Marshall area in Saline County. Trooper Gregory testified that his supervisor had been contacted by Marshall police detective Greg Billingsley. Trooper Gregory testified he had no personal knowledge of Detective Billingsley's contact, but he had heard from his supervisor, Lieutenant Ashurst, that Detective Billingsley had talked with him concerning the investigation.

The state called as a witness James Simmerman, the chief of police of Marshall, Missouri. Chief Simmerman testified that he had instructed Detective Billingsley to request assistance from the Missouri Highway Patrol in an undercover investigation. Chief Simmerman testified that he personally did not make the request of the highway patrol.

Appellant challenges on appeal the interpretation of § 43.380, RSMo 1986. This statute provides:

43.380. Investigations, powers, procedure—

1. The director of the division of drug and crime control shall initiate the investigation of any suspected crime or criminal activity within this state at the request of the attorney general, when the attorney general has authority to initiate legal action with respect to the matter to be investigated, *or at the request of any chief of police*, prosecuting attorney, sheriff or the superintendent of the Missouri state highway patrol. [Emphasis added] ...

The appellant argues that the investigation which led to his arrest was conducted in violation of this statute because: a) the police officer requesting the investigation was not authorized to make this request; and b) the police officer requested assistance from the supervisor in the Missouri State Highway Patrol instead of from the director of the Division of Drug and Crime Control.

The purpose of § 43.380 is to provide assistance to other law enforcement officers in the investigation of criminal activity. This statute does not operate as a shield for criminal defendants.

■ The testimony of James Simmerman, Chief of Police of Marshall, Missouri, at the hearing on the motion to dismiss established that the request for assistance from the highway patrol was made under his direction. Consequently, when Police Detective Bilingsley made the request, he was acting in accordance with the instructions of the chief of police. See also, *State v. Evans*, 637 S.W.2d 62, 65 (Mo.App.1982), in which the Court held that assignment and supervision by the immediate supervisor comes within the statutory language of § 43.180 (RSMo 1978). Thus, pursuant to § 43.380.1, the assistance from the highway patrol in the investigation was made at the request of the chief of police. This case may be analogized to *State v. Elgin*, 391 S.W.2d 341 (Mo.1965), where the court refused to declare an indictment a nullity on the ground that it was signed by an assistant prosecuting attorney instead of by the prosecutor as required by statute. *Id.* at 343[1].

■ The information alleged that "on or about August 30, 1986, in the County of Saline, State of Missouri, the defendant knowingly sold to L.H. Gregory, diazepam, a controlled substance". The appellant does not appear to challenge the fact that the charged sale of diazepam occurred. Whether Highway Patrol Trooper Gregory was acting under the authority of § 43.380, RSMo 1986, or was merely acting in the role of a private citizen, if he observed the appellant engaged in a sale of drugs, then he could testify concerning the transaction. The appellant does not complain of any violation of his constitutional rights resulting from an allegedly illegal arrest or seizure. Consequently, the appellant's argument, accepted on its face, would entitle him to no relief. An analogy can be made

to *State v. Williams,* 652 S.W.2d 102 (Mo. banc 1983), where the court held that a challenge to the legality of the defendant's extradition to Missouri did not impair the state's power to try the defendant. *Id.* at 109[8] (*citing Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952)). Thus, even if the state's witness acted beyond the authority of § 43.380 in this case, it does not prevent the state from trying the appellant on the charge.

The appellant's remaining claim of error, that the request was made to a highway patrol supervisor rather than to the Director of the Division of Drug and Crime Control, is presented for the first time on this appeal. In order to preserve his claim of error for review, "the objection made to the trial court must be the same or substantially the same as that set forth in the motion for new trial and that relied on in the brief on appeal." *State v. Harper,* 553 S.W.2d 895, 897[2] (Mo.App.1977). An objection made at trial cannot be broadened or enlarged on appeal. *State v. Brown,* 607 S.W.2d 813, 814[1] (Mo.App.1980); *State v. Alexander,* 620 S.W.2d 380, 384[5], n. 4 (Mo. banc 1981). Because the trial court never had an opportunity to rule on the appellant's claim that the proper individual was not contacted concerning the investigation, this point is not appropriately presented on appeal.

The judgment is affirmed.

All concur.